## ANDERSON *v.* TANNEHILL.

HUSBAND AND WIFE.— *Vendor's Lien.*—Where a wife, her husband, and a third person were joint purchasers of certain real estate, and the deed of convey-ance was made to them, and notes given for the purchase-money were not signed by the wife, but were signed by the husband and the other pur-chaser, and the husband and wife were purchasers of one-half of the prem-ises, and the next day after the deed was made, the purchasers, with the con-

sent of the vendor, had the name of the husband struck out of the deed by the justice of the peace who took the acknowledgment, and afterward the wife signed the notes;

*Held*, that the vendor would be entitled to hold a lien upon the real estate for the unpaid purchase-money, as against the wife.

*Held*, also, that the notes, as to the wife, were absolutely void, and she was not bound by stipulations therein to pay ten per cent. interest and to waive valuation and appraisement laws.

SAME.— *Tenants by Entireties.*—Where real estate is conveyed to a husband and wife and another person jointly, the husband and wife will take an undivided one-half of the premises, as tenants by entireties.

APPEAL from the Bartholomew Circuit Court.

BUSKIRK, J.—This was an action by the appellee against the appellant, Charles C. Anderson, and George W. Becker, upon two joint promissory notes and to enforce a vendor's lien.

The complaint consisted of four paragraphs. A demurrer was sustained to the first, second, and third paragraphs, and overruled to the fourth, to which rulings proper exceptions were taken. Issue was formed on the fourth paragraph of the complaint. The cause was, by the agreement of the parties, submitted to the court for trial. The court, at the request of the parties, rendered a special finding of facts and its conclusions of law thereon. The appellant alone excepted to the conclusions of law. Judgment was rendered for the appellee against Charles C. Anderson and George W. Becker, upon the notes, and that the appellee held a vendor's lien, to which judgment there was no exception. The court also rendered a decree that the appellee held, as against the appellant, a vendor's lien on the land described in the complaint, and decreed a sale of such land, without relief from the valuation and appraisement laws, to pay the amount found due with ten per cent. interest. The appellant excepted to so much of the decree as allowed interest at the rate of ten per cent. and provided for the sale of the land without relief from the valuation or appraisement laws.

All the questions arising in the record are presented by four assignments of error, and they are:

1. That the court erred in overruling the demurrer to the fourth paragraph of the complaint.

2. That the court erred in its conclusions of law upon the facts found.

3. That the court erred in rendering judgment against appellant for ten per cent. interest upon the purchase-money.

4. That the court erred in providing for the sale of the land of appellant without relief from valuation and appraisement laws.

We shall consider the first and second assignments of error together, as they present substantially the same questions.

The fourth paragraph of the complaint reads as follows :

" The plaintiff for further complaint herein says, that on the 25th day of May, 1867, he made and entered into a contract with Minerva B. Anderson, Charles C. Anderson, and George W. Becker, wherein he sold to them the following real estate, situate in Bartholomew county, in the State of Indiana, to wit: The undivided one-half of sixty-five (65) acres by parallel lines off of the east side of the east half of the south-east quarter of section 21, and sixty-five (65) acres off of the south end of the west half of the south-west quarter of section 22, and one hundred and twenty-eight (128) acres by parallel lines off of the west side of the south-east quarter of section 21 ; also, one hundred and twenty-seven (127) acres by parallel lines off of the west quarter of section 21 ; also, two (2) acres in the south-west corner of the north-west quarter of section 22; all in township 10, north of range five, east, containing in all three hundred and eighty-seven (387) acres, more or less, at and for the price of fifteen thousand dollars. Seven thousand five hundred dollars thereof to be paid in real estate, and the transfer of real estate ; the residue thereof to be paid as follows: three thousand seven hundred and fifty dollars to be paid in twelve months, at ten per cent. interest after maturity ; and three thousand seven hundred and fifty dollars payable twenty-four months from said date, with ten per cent. inter-

est after maturity. Which said several sums said parties promised to pay; that a deed was made and executed by said plaintiff and wife under and pursuant to said contract to said defendants jointly for said lands, and the same was duly delivered to them; and said Becker and Anderson executed notes for said several sums of money, and the same were to be executed by said Minerva B. Anderson; and after the plaintiff had executed said deed and delivered the same to said defendants thereafter, to wit, on the —— day of May, 1867, said defendants agreed among themselves that said deed should be changed, and desired that said deed should stand in the name of Minerva B. Anderson and said Becker jointly; and after the making of said notes by said Becker and Charles C. Anderson, with the understanding that the same should be executed by said Minerva B. Anderson, said defendants agreed to, among themselves, and did erase the name of Charles C. Anderson from said deed delivered to them, and said deed was recorded by them as altered by them (a copy of which is filed herewith); and thereafter, under and pursuant to said contract, said Minerva B. Anderson also signed said notes (a copy of which is filed herewith); that said notes are due and unpaid; that said Minerva B. Anderson, Charles C. Anderson, and George W. Becker immediately entered into the possession of all said land, and have held the same continuously since, and now hold the same; that all said defendants were the vendees of said land, and the plaintiff holds a vendor's lien on all said land to secure the payment of said purchase-money; that defendants have no personal property out of which to pay said indebtedness. Wherefore, plaintiff demands judgment for twelve thousand dollars, and that said indebtedness be declared the purchase-money for said land, and that said land be sold to pay said indebtedness, without relief from valuation laws, and all proper relief.

The special finding of facts was as follows:

It is found that on the 25th day of May, 1867, the plaintiff

and his wife sold and conveyed, by warranty deed, to Charles C. Anderson, Minerva B. Anderson, and George W. Becker, as joint vendees and purchasers, the following described real estate in Bartholomew county, etc. (describing it).

2. That the consideration to be paid for said conveyance was fifteen thousand dollars. Seven thousand five hundred dollars was paid at the time by the conveyance of other real estate to said Tannehill; and the said defendants, Charles C. Anderson and George W. Becker, at the same time executed and delivered to the said plaintiff their two promissory notes herein, due in twelve and twenty-four months from date, each for three thousand seven hundred and fifty dollars, drawing ten per cent. interest after maturity.

3. That long before the making of said conveyance to said defendants, at the time, and continuously since, the said Minerva B. Anderson was a married woman, the wife of the said Charles C. Anderson.

4. That at the time said conveyance was made, plaintiff and wife and the defendants were present, and the defendant Minerva B. Anderson knew that the conveyance was to herself, her husband, and Becker.

5. On the next day after the conveyance was made and delivered, Squire Roberts, the justice of the peace who had taken the acknowledgment, erased the name of Charles C. Anderson from the deed wherever it occurred. This was done because Becker so desired it, at the request of the Andersons, and was done in the presence of the Andersons. The plaintiff was not present when the erasure was made, but before it was made he had consented thereto. Plaintiff's wife never gave her consent to the change and had no knowledge of it.

6. That about one month after the attestation of the deed, Mrs. Anderson signed the notes; that the signing of the notes, by her was an afterthought, occasioned by the alterations in the deed; that there was no understanding as to her signing the notes when the deed was delivered.

7. The erasure in the deed was not made for the purpose of defrauding any one, but made in good faith. Becker being the purchaser of one undivided half of the land, the parties were fearful if the deed remained as originally drawn, he could really hold but one-third.

8. It is further found that the sum of seven thousand five hundred dollars has been paid; that Becker has paid of this amount three thousand five hundred dollars, and Mrs. Anderson four thousand dollars—five hundred dollars of which was paid by said Charles C. Anderson, by conveyance of his own real estate at the time said deed was made by plaintiff, which was all the property owned by said Anderson at the time of sale of said land, and he was then, and he has been continually since, and is now, insolvent.

9. The amount found due the plaintiff for said land on purchase-money is nine thousand one hundred and twenty-five dollars; and it is further found that neither of the defendants has personal property, out of which any portion of this debt can be made, but that they have no personal property of any kind subject to execution.

10. The court does not find that said purchase from said plaintiff was for the benefit of said Minerva B. Anderson's separate estate, nor that she intended to or did charge her separate estate with said indebtedness; that she is now, and was at the time of said purchase, the owner of the other undivided one-half of all of said land as set forth in complaint, acquired part by descent from her father, and the rest by purchase from Richard Tannehill; and the court finds for said Minerva B. Anderson on all the paragraphs of the complaint, other than the fourth paragraph.

11. Charles C. Anderson and Mrs. Anderson's portion of the purchase-money, as between themselves and said Becker, is three thousand nine hundred and twenty-two dollars and fifty cents, the interest on her portion being calculated at ten per cent. after maturity of notes, to which said Minerva B. Anderson excepts; and the portion of George W. Becker of the purchase-money is five thousand two hundred and

two dollars and fifty cents, the interest being calculated at the rate of ten per cent.

From the facts as above found, the law is found in favor of the plaintiff as to the fourth paragraph of his complaint, and the conclusions of law are found as follows:

1. That as the conveyance originally stood, Charles C. Anderson was not a surety, but was a principal debtor; and being such, the plaintiff held a vendor's lien upon the real estate conveyed for the purchase-money.

2. That being a principal debtor in the beginning, his relation upon the notes was not changed to that of a surety. From what took place afterward, as shown by the facts as herein specially found, the vendor's lien still remains in favor of the plaintiff.

It is found by the court that Minerva B. Anderson, Charles C. Anderson, and George W. Becker were joint vendees and purchasers of the land sold by the appellee; that the deed was made by appellee and wife, in the presence of all of said vendees, to them jointly, and delivered to all of them. The notes for the unpaid purchase-money were executed by Charles C. Anderson and George W. Becker. Becker was the purchaser of one undivided half of said lands, and became apprehensive that as the land was conveyed to all three, he could only hold one-third. In this he was mistaken. The land being conveyed to husband and wife, they took one undivided half of all the land conveyed, as tenants by entireties. *Chandler* v. *Cheney*, 37 Ind. 391.

But acting on such misapprehension, the vendees, the day after the execution of the deed and notes, with the consent of the vendor, had the justice of the peace who had taken the acknowledgment of the deed to erase and strike out of the deed the name of Charles C. Anderson. There was no understanding, at the time of the execution of the deed, that the appellant was to sign the notes, but in consequence of the alteration in the deed the appellant, about one month after such alteration, signed the notes.

The question presented for our decision, upon the facts found by the court, is whether the appellee held a vendor's lien on the lands conveyed, as against the appellant.

It is maintained by counsel for appellant, that the appellee, by the change in the deed and notes, waived and abandoned the vendor's lien. The position of the counsel for appellant is stated in his brief as follows:

"When the change was made in the deed by the consent of Anderson and wife and Becker, Charles C. Anderson at once became and was a surety on the notes; that it was so as between the makers of the notes, there can be no doubt or controversy. He became a surety by operation of law resulting from the change. Tannehill consented to the change, and continued to hold the notes as originally delivered to him, without requiring any change of the notes when he consented to the change, or afterward for a month, or stipulating that his lien should still be retained. When the change by his consent was made, Minerva B. Anderson and Becker became his trustees for his unpaid purchase-money, and Charles C. Anderson became a surety on the notes; at least he was estopped from asserting to the contrary. He was presumed to know the legal effect of the change, and it was his right and duty, if he intended to retain his lien for his purchase-money, to have required a change of the notes, or an agreement that his lien should continue before consenting to the change. On the contrary, Tannehill held the notes in the condition they were when delivered to him, for about one month after his consent to, and alteration of, the deed making Mrs. Anderson and Becker his grantees; and then, in consequence of the alteration of the deed, he procured Mrs. Anderson's signature to them; at least he assented to it, the notes being in his possession and under his control. It is true that the note as to Mrs. Anderson as a promise to pay is void; yet, as to Tannehill, it was binding as fixing the time of payment. The fact that he took her signature to the note, when and under the circumstances he did it, is valuable as a 'circumstance,' throwing light upon the whole

transaction, it having been done after Mrs. Anderson and Becker were by consent of parties made the grantees, and in consequence of that change in the deed, and a circumstance from which the court not only can, but is bound to infer that Tannehill did not rely upon his lien."

The position of the counsel for appellee, as stated in his brief, is as follows:

"When appellee delivered his deed to the joint vendees, he was divested of his title. He no longer possessed or held any interest in the land. The power of alienation or change of title was with the vendees only. It was unimportant to appellee, so far as he was concerned, after he was divested of title, who might subsequently become the owner, or how he might become such owner, only so far as it might affect his vendor's lien, and his lien could only be affected by the acquisition of the property by a *bona fide* purchaser who had no notice of the unpaid purchase-money, for all purchasers with notice, and all volunteers who hold without value, are affected by the vendor's lien.

"Anderson is still a joint owner. If he should assert his right, there is no equity to prevent it, as he paid part of the purchase-money by the transfer of part of his real estate, and an estoppel would only operate as against him, when to permit him to claim it would operate as a fraud or an injury to some third party induced to act on faith of the erasure. But whether Anderson was estopped or not, does not affect the vendor's lien, or his claim in this case. The fact that the appellee may be estopped to deny that the deed was executed to the two, if such may be the case, does not affect the lien. The fact that the vendor may make a deed to one person, does not estop him to assert that another was the original purchaser and vendee, and gave his note for the purchase-money, and that the deed was made at the direction of the original vendee to such third party, and that he was a volunteer, or that he took his deed with notice that the purchase-money was unpaid. Appellant argues that because C. C. Anderson's name, after the delivery of the deed, was erased,

he became surety for the others. He was a principal debtor —one of the vendees. Even security given for purchase-money will not affect such lien, unless it is given in pursuance of the original agreement. Security voluntarily given by the vendee will not affect the lien. *Vandoren* v. *Todd*, 2 Green Ch. 397.

" But Anderson was not a surety. The court finds that it was a joint purchase, the three were joint purchasers and vendees, and the lien attached immediately on the sale, when the deed was made and delivered to them.

"Tannehill sold the property to these parties jointly. They were joint purchasers, and are jointly liable to him. The deed was delivered to them jointly, and the title vested in them jointly from delivery. From the consummation of the sale, the vendor's lien attached to the land, which could not be divested by any subsequent arrangement between the purchasers. The purchaser might have ordered the deed to be made to any other person, and the lien would have followed it. The fact that the purchasers agreed after the sale was completed to them, that two of them should have and hold the title, does not render one of the joint purchasers a surety for the others as to the vendor.

" Equity as between the purchasers might decide that, as between themselves, two should pay the debt and be primarily liable before the other who surrendered his interest in the land to them, but as between them and the vendor, they were all vendees, as the court decides and finds in this case; and the cases cited by appellant only go to the extent that a court will settle the equities between the parties, and if one ought primarily to pay before another, the court will so decide. That does not affect this question. His lien attached; they were all vendees. Appellee at no time accepted part as principals and one as surety. No such agreement existed, no such contract was made, and none can be inferred, because C. C. Anderson was worth nothing after his name was erased from the deed, as will be seen in the finding."

We are quite clear, that upon the facts found by the court, the appellee had a lien upon the property in controversy for the unpaid purchase-money, as against Minerva B. Anderson. The fact that she was a married woman in no manner affected her right to purchase and hold real estate. This right she possessed at common law. The inhibition in our statute, in reference to married women, is not against the right to purchase and hold real estate, but it is against the alienation thereof without the consent of her husband. She had the right to purchase the property, and the law created the vendor's lien. There is nothing in the record which indicates any intention on the part of the appellee to waive or abandon such lien. Anderson executed the note as a principal, and there was no agreement, if such could be made, by which he was to become a surety. We think it very clear that he remained liable as a principal on the notes. The effect of striking out his name from the deed was to vest the entire title to one-half the land in his wife, the same as if he had conveyed it to a person with notice of the vendor's lien, which conveyance would not defeat the vendor's lien.

The note as to Mrs. Anderson was absolutely void. It created no personal liability against her, nor was she bound by the stipulation therein contained to pay ten per cent. interest or the agreement to waive the valuation and appraisement laws. The court, therefore, erred in computing the interest against her at the rate of ten per cent. Where there is no agreement in writing to pay a greater rate of interest than six per cent., no more that six per cent. can be recovered. The note being void as to Mrs. Anderson, there was no valid waiver of the valuation and appraisement laws. See *Ham* v. *Greve*, 41 Ind. 531.

The judgment of the court below is affirmed as to Anderson and Baker, and is reversed as to the appellant, with costs in favor of appellant and against appellee; and the cause is remanded, with directions to the court below to render a decree against the lands of the appellant for the amount that

Lee *v.* The State.

may be found due from her, computing the interest thereon at the rate of six per cent. and providing that such lands shall be sold with relief.

*S. Stansifer,* for appellant.

*F. T. Hord,* for appellee.