## No. 12,342.

## KELLER ET AL. *v.* ORR ET AL.

CONTRACT.—*Receipt.*—An agreement, although in form a receipt, is valid and enforceable.

SAME.—*Collateral Security.*—*Agreement to Apply to Designated Debt.*—*Promissory Notes.*—Where a creditor accepts promissory notes as collateral security and agrees to apply the proceeds of such notes to a designated debt, with full knowledge of other debts, he is bound to perform.

SAME.—*Signing Without Understanding.*—*Diligence.*—A party can not avoid a written agreement on the ground merely that he is "not very conversant with the English language," and that the instrument does not embody the agreement of the parties as he understood it.

SAME.—*Consideration.*—*Agreement of Parties as to.*— Where parties agree upon a consideration, the courts will not disturb their contract, and it is not material from whom the consideration moves.

SAME.—*Special Finding.*—Where the facts embodied in a special finding show a consideration for a contract, it is not necessary that such consideration should be stated in express terms.

SAME.—*Married Woman.*—*Surety for Husband.* — *Mortgage.* — *Notice.*— One who knows that a debt is that of the husband, and that the property mortgaged to secure it belongs to the wife, is chargeable with knowledge of the capacity in which the latter contracts.

SAME.—*Equity.*—The maxim that he who asks equity must do equity, can not overthrow a contract voluntarily entered into with knowledge of all the facts.

From the Fayette Circuit Court.

*C. Roehl, B. F. Claypool* and *J. H. Claypool,* for appellants.

*R. Conner* and *H. L. Frost,* for appellees.

ELLIOTT, J.—The complaint of the appellants, who were plaintiffs below, is founded on a promissory note and a mortgage executed by the appellees to secure its payment. The note and mortgage were executed to Francis M. Roots and by him assigned to the appellants.

The appellees answered separately, but the second paragraph of the answer of William J. Orr is substantially the same as the third paragraph of Mary E. Orr's answer, and a decision as to the sufficiency of one of them will determine the sufficiency of both. It is alleged in these answers, that

the defendant William J. Orr held four promissory notes against David Veatch and three against Walter E. Thomas; that the plaintiffs received of the defendant these notes and executed to the defendant the following agreement:

"Received of William J. Orr seven mortgage notes, four of said notes were given by David Veatch to William J. Orr, bearing date January 1st, 1876, said four notes amounting to $1,400; the other three of said seven notes were given by Walter E. Thomas to William J. Orr, bearing date January 27th 1877, the last named three notes amount to $300 with the interest now due. Said notes being placed in our hands as collaterals to secure to us the payment of a mortgage on a house and lot in the city of Connersville, sold by William J. Orr to Keller and Uhl, said mortgage amounting to $800; also, to secure the payment of an execution in favor of David Baker and against William J. Orr and William C. Moffitt, amounting to about $1,300; also, to secure the payment of a mortgage given by William J. Orr to Francis M. Roots, dated October 26th, 1877, for $2,000. It is mutually understood by and between said parties that said notes are first to be applied to the $2,000 mortgage, then the $800 mortgage, and last the $300 execution; and we further agree not to foreclose the $2,000 mortgage mentioned above for one year from the date of this receipt, provided the said William J. Orr shall keep the interest paid on said mortgage.

"January 23d, 1879. KELLER & UHL."

It is further alleged that the plaintiffs received of Thomas, in payment of one of his notes, $120 on the 28th day of February, 1880; that, on the 2d day of March, 1881, they received of Thomas, in payment of the other notes executed by him, $250; and that, on the 4th day of January, 1882, they received of David Veatch, in payment of his notes, $1,000. The prayer of the answer is that the amount received by the appellants be credited on the note and mortgage described in the complaint.

These answers are unquestionably good. It is settled that an agreement, although in form a receipt, is valid and enforceable.

If a creditor accepts collateral security, and agrees to apply it to a designated debt, he must perform his agreement. The appellees had a right to fix the terms upon which they would transfer the notes of Thomas and Veatch as collateral security, and the appellants, having accepted the notes on the terms proposed, are bound to apply the avails of the notes as they agreed to do. It was entirely immaterial whether the avails of the notes would pay all of the debts or not, for the appellants agreed to apply the avails to a designated debt, and they can not escape from their contract. There is no ambiguity in the instrument evidencing the agreement of the parties, and no extrinsic aid is needed to interpret its provisions.

The second paragraph of the appellants' reply attempts to avoid the answer by alleging that John Uhl, who signed it on behalf of Keller and Uhl, " was not very conversant with the English language," and that the instrument does not embody the agreement of the parties as he understood it. Of this reply it is only necessary to say that it is bad, because: 1st. A written contract can not be varied by parol evidence of what one of the parties understood it to mean. 2d. Because it is settled that a party must read the contract which he signs, or, if he can not read, use diligence in endeavoring to have it read to him. 3d. Because a party is bound to know the legal effect of an instrument which he signs.

The evidence shows that the real estate described in the mortgage assigned to the appellants was the separate property of Mary E. Orr, and that she mortgaged it to secure the debt of her husband. It also shows that at the time it was executed the husband pledged the Veatch and Thomas notes, as collateral security, to the appellants' assignor, Francis M. Roots, and that after the assignment of the note and mortgage by the mortgagee to the appellants, they executed the

agreement of January 23d, 1879.   Upon this evidence appellants' counsel insist that there is no foundation for the special finding made by the court.   We think otherwise.   At the time the mortgage was executed, October 26th, 1877, the wife had power to mortgage her property to secure the debt of her husband; but, in so pledging her property, she did not become liable as a principal; on the contrary, she became a surety, with all the rights and privileges incident to that position.   *Trentman* v. *Eldridge*, 98 Ind. 525.   Mrs. Orr, as surety, had an undoubted right to require that the collaterals remain with the creditor as additional security for her husband's debt, and the husband had that right because they were pledged for that purpose.   If there had been no written contract, the appellants would have had no right to divert the securities from the purpose for which they were originally pledged, but they elected to make an express contract, and on the faith of that contract they received the notes of Veatch and Thomas.   If Roots had refused to apply the proceeds of those notes on the mortgage debt the appellees would have had a right of action against him, and he had, therefore, a right to retain them, notwithstanding the fact that he had assigned the mortgage, and to exact from the appellants such a contract as that executed to the appellees by them.   Roots owed a duty to the appellees to use reasonable care and diligence as to the collection of the notes deposited with him as collateral security, and was under an imperative obligation to apply the proceeds realized to the payment of the debts for which they were pledged.   He was not absolved from these obligations by a mere transfer of the mortgage, and he, as well as the appellees, had a right to an agreement that the proceeds of the notes should be applied to the payment of the debt for which Mrs. Orr stood as surety.   There was, therefore, a benefit to the appellants, for they obtained additional security for the debt assigned to them, and hence it is not material whether the appellees or Roots suffered any inconvenience or loss.   Roots, as counsel say, refused to de-

liver to the appellants the Veatch and Thomas notes, and this was his right until he had secured such a contract as would release him from liability. There was, therefore, an adequate consideration for the agreement, and the parties for whose benefit it was made are entitled to have the agreement enforced. Where parties agree upon a consideration the courts will not disturb their contract. *Wolford* v. *Powers*, 85 Ind. 294 (44 Am. R. 16).

It is not material from whom the consideration moves, for, if a contract is sustained by a consideration, it may be enforced by the party for whose benefit it was executed. But, here, the parties who are seeking to enforce the contract themselves yielded a consideration, and the contract rests upon a consideration moving from them, and, independent of the operation of the principle just stated, is enforceable. A debtor undoubtedly has a right to direct the application of notes pledged as collateral security, and to designate the terms upon which he will pledge them.

It is said by counsel that the finding of the court does not show that there was any consideration for the agreement but is silent upon this subject. We can not concur with counsel, for the facts stated in the special finding fully show that there was a consideration, and this was sufficient, without stating in express terms that a consideration was yielded by the appellees or any one else. Where the facts embodied in a special finding show a consideration, there is no necessity for stating in direct terms that there was a consideration for the contract. Such general statements are seldom of any importance, for they are generally regarded as mere conclusions, adding no force to the finding. *Sohn* v. *Cambern, ante,* p. 302.

It appears from the special finding that, on the 20th of June, 1876, the appellees conveyed to appellants by warranty deed certain real estate, and received as a consideration for the conveyance $3,000; that prior to that date the land had been mortgaged to the Franklin Insurance Company for $800; that at the January term, 1878, of the Fay-

ette Circuit Court, David Baker recovered judgment against Orr for $288.33; that prior to January 23d, 1879, Orr had assigned to the appellants the Veatch and Thomas notes under an agreement that they should be held as collateral security to indemnify the appellants against loss by reason of the mortgage and judgment just referred to; that the agreement heretofore copied was executed on the 23d day of January, 1879; that Mary Orr was the owner of the property embraced in the mortgage sued on, and executed the mortgage to secure the debt of her husband. It also appears that appellants, to protect their title, paid off the Franklin Insurance Company mortgage and the Baker judgment; that part of the real estate mortgaged to Roots was sold by the defendants to the plaintiffs before the mortgage was purchased by them; that the consideration was fully paid except the amount of $238.71, which by agreement was applied upon the insurance company mortgage.

The conclusion of law upon these facts is complained of, because, as counsel say, "it applies all the money realized from the Veatch and Thomas notes upon the $2,000 debt." It is contended that this was inequitable, even as to Mrs. Orr, and in support of this contention it is asserted that it should appear that the appellants knew that Mrs. Orr had pledged her property to secure her husband's debts. We think this does appear from the facts found. The appellants knew that the debt was that of the husband, and that the property mortgaged belonged to the wife, and this information charged them with knowledge of the capacity in which she contracted. *Vogel* v. *Leichner*, 102 Ind. 55. But the case need not be rested on this proposition alone, because the agreement of January 23d, 1879, expressly bound the appellants to apply the avails of the Veatch and Thomas notes to the mortgage executed to Francis M. Roots. There is nothing in the facts stated in the special finding releasing the appellants from that agreement or impairing its validity. That agreement was executed after full information as to the debts due from the mort-

gagors, and we can perceive no reason for holding that the appellants can escape its operation.

We can not presume that there were any facts relieving them, for it is now well settled that facts not embodied in the special finding are deemed not to exist.   Nor do we see anything in the evidence which impairs the force of that agreement.   The maxim that he who asks equity must do equity can not be successfully invoked to overthrow a plain contract, voluntarily entered into with knowledge of all the facts.

Judgment affirmed.

Filed May 22, 1886.