## RUSSELL v. DRAKE ET AL.

No. 22,818. Filed January 27, 1916. Rehearing denied March 28, 1916.]

1. VENDOR AND PURCHASER.—Recovery of Price Paid.—Security.— Rights of Parties.—Where defendant, owning a life estate in ten acres of land in which her children owned the remainder in fee, sold the land to plaintiff for $375 in cash, intending thereby to convey the fee simple title, and subsequently, on recognizing that plaintiff's title was not complete, to secure same, executed to plaintiff a mortgage for $375 on other land, covenanting thereby to procure her children on attaining their majority to convey and warrant said ten acres to plaintiff, and providing for immediate fore-

closure to indemnify plaintiff for any damages if for any reason the title could not be confirmed in him, plaintiff, who was in possession and whose title had not been questioned, could not foreclose the mortgage and at the same time retain the land, and where he was given a judgment for his purchase money a reconveyance of the land was properly directed. pp. 629, 630.

2. EQUITY.—*Relief.*—*Rights of Parties.*—In proceedings in equity, the courts will look to the whole transaction to determine the rights of the parties and will not allow technical form to override substantial equity. p. 630.

3. EQUITY.—*Relief.*—*Doing Equity.*—He who seeks equitable relief must show that he has done, or offered to do, all that equity requires of him. p. 630.

From Johnson Circuit Court; *John W. Morgan,* Special Judge.

Action by William Russell, against Eliza J. Drake and another. From a judgment for defendants, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590). *Affirmed.*

*Hord & Adams, Miller & Barnett,* and *H. C. Jones,* for appellant.

*Joseph R. Williams, Chalmer Schlosser* and *Branigin & Williams,* for appellees.

ERWIN, J.—This was an action to foreclose a mortgage executed by appellee to appellant. The trial resulted in a judgment for appellant for the sum of $375 and a decree of foreclosure of said mortgage. The court also ordered a reconveyance of a certain ten acres of real estate out of which this controversy arose, to appellee Eliza J. Drake. The court trying the case rendered special findings of fact and stated conclusions of law thereon. Appellant questions certain rulings of the court as erroneous, and appellee, Eliza J. Drake, assigns cross errors, which challenge the sufficiency of the complaint. As the findings present every fact essential to a full understanding of the matters in issue we

will not set out the pleadings or the substance thereof.

The findings of fact are as follows: "(1) On the 31st day of October, A.D., 1892, the defendant, Eliza J. Drake, Lulu Drake and Cecil Drake were the owners of the south half of the south half of the northwest quarter of the southwest quarter of section eight (8) in township fourteen (14) north in range six (6) east, containing ten (10) acres, more or less. The said Eliza J. Drake owning a life estate therein, and said Lulu Drake and Cecil Drake owning the fee simple in remainder. (2) On said day the said Eliza J. Drake, bargained and sold said real estate to the plaintiff, William H. Russell, for the price and sum of Four Hundred Dollars, but in paying the consideration for said purchase, the said Russell paid to Eliza J. Drake the sum of Three Hundred and Seventy-five Dollars in cash, and agreed that she might harvest the then growing crops, upon said real estate in the payment of the residue. (3) At said time said Lulu Drake and Cecil Drake were the only children of the defendant Eliza J. Drake, and were at said time under the age of twenty-one years. (4) That subsequently, said Lulu Drake intermarried with one Frank Shoemaker and the said Cecil Drake intermarried with his present wife, Beulah Drake. That Lulu Shoemaker arrived at the age of twenty-one years on the 8th day of August, 1904, and Cecil Drake arrived at the age of twenty-one years on the 3rd day of April, 1910. That said Eliza J. Drake is now past forty-eight years of age. On the 31st day of October, 1892, at the time of the purchase of said real estate, by the plaintiff, William H. Russell, and the payment of said purchase money to said Eliza J. Drake, the said Eliza J. Drake, intending to convey and did con-

tract to convey the entire fee simple title in said real estate, to said Russell and to carry out said intent and purpose the said Eliza J. Drake, with her husband, David R. Drake, joining her, executed and delivered to the plaintiff, William H. Russell, their warranty deed, which recited, that they conveyed and warranted to said William H. Russell, the said real estate, without any limitation or qualifications whatever in said deed. (5) That afterwards on the 27th day of May, 1895, the said Russell and the said Eliza J. Drake, recognizing the fact that the title of said Russell to said real estate was not complete, consulted attorneys as to how the said Eliza J. Drake could make the said plaintiff, William H. Russell, safe as to his said purchase, and for the purpose of securing the said Russell, the said Eliza J. Drake, with her husband, David R. Drake joining her, executed and delivered to the plaintiff, William H. Russell, their certain instrument in writing, in which it was recited that the said Elizea J. Drake, and David R. Drake, her husband, did mortgage and warrant to William H. Russell, for the sum of Three Hundred and Seventy-five Dollars, the following real estate in Shelby County, in the State of Indiana, to wit: The southwest quarter of the southeast quarter of section eight (8) in township fourteen (14) north, in range six (6) east, containing forty (40) acres, more or less. Which real estate at the time of executing said instrument was owned and held by said Eliza J. Drake in fee simple. Said instrument further recited, that the above mortgage is executed to secure the payment to William H. Russell, the sum of $375 under the following conditions, to wit: That whereas on the 31st day of October, 1892, the said Eliza J. Drake and David R. Drake, her husband, bargained, sold, conveyed and warranted to William H. Russell for the price and

sum of $375 in hand paid to said Eliza J. Drake, for her sole use and benefit the following described real estate situated in Shelby County, in the State of Indiana, to wit: The south half of the south half of the northwest quarter of the southwest quarter of section eight (8) in township fourteen (14) north in range six (6) east, containing ten (10) acres more or less. That at the time of said conveyance the said Eliza J. Drake, owned a life estate only in the real estate conveyed and her children living at the time of her death, the fee simple thereof. Said written agreement further recited that on account of the failure to procure a fee simple title to the said Russell, the said Eliza J. Drake and David R. Drake, covenant and agree to secure all the children of said Eliza J. Drake when they shall arrive at the age of twenty-one years to convey and warrant said real estate to said Russell, and if said Drakes shall fully perform the covenants last aforesaid, then this mortgage is to be entered and satisfied of record, otherwise it may be foreclosed and the real estate first aforesaid, sold to pay off and satisfy said sum of $375 so paid to Eliza J. Drake as aforesaid. It is further stipulated in said agreement that if it appears at any time in the future, that by the death of said Eliza J. Drake or any other cause whatever, that the fee-simple of the real estate last aforesaid, can not be confirmed in the said William H. Russell, or for any cause the said William H. Russell is ousted from the possession of the real estate so conveyed to him, then this mortgage may be immediately foreclosed and said real estate conveyed by this mortgage, sold to indemnify the said Russell for any damage he may sustain by reason of the premises aforesaid."

The seventh and eighth finding of fact are in substance that demand was made of Eliza J. Drake, her

husband and children for a conveyance by quit-claim of the ten acres in controversy, and their refusal to convey.

"(9) That at the time the said Eliza J. Drake and David R. Drake, her husband, executed to said plaintiff, William H. Russell, the said deed conveying him the said ten-acre tract of land, they bargained, sold and undertook and agreed to convey to him the full entire fee-simple title and it was no part of the said agreement that the life estate of Eliza J. Drake was only to be conveyed to plaintiff. That said defendants have never secured the execution of a deed by their children nor have they refunded to the plaintiff the said $375, but have expressed a willingness to refund the amount upon the reconveyance to the said Eliza J. Drake the said ten-acre tract of land which the plaintiff refused so to do. (10) That the said Lulu Shoemaker, and the said Cecil Drake were at said time of the execution of said mortgage and contract and continuous unto this time and now are the only children of said Eliza J. Drake and are still the owners in fee in said ten-acre tract and were at the time of the bringing of this action each of the full age of twenty-one years and capable of executing said deed. (11) The court further finds for the plaintiff, William H. Russell, as against the defendants Eliza J. Drake and David R. Drake upon their first and second paragraph of cross-complaint; and finds for the defendant Eliza J. Drake upon her third paragraph of cross-complaint, that at the time of the execution of the deed of conveyance, to wit: October 21st, 1892, the said plaintiff did not contract to purchase the life estate of said defendant, Eliza J. Drake, nor did plaintiff intend to purchase the same, that said Eliza J. Drake is entitled to a reconveyance of said real estate, to wit: South half of the south half of

the northwest quarter of the southwest quarter of section eight in township fourteen north in range six east, in Shelby County, Indiana, from the plaintiff, William H. Russell, and that a commissioner should be appointed to make said conveyance to said Eliza J. Drake."

The court upon the foregoing facts stated its conclusions of law as follows: "(1) Upon the foregoing facts the court finds for the plaintiff, William H. Russell, as against the defendant, Eliza J. Drake, and David R. Drake, and that the material allegations of the complaint are proven and true. (2) And the court further finds that the said sum of $375 is now due and unpaid and owing to the said plaintiff, William H. Russell, and that the same is a lien upon the following described real estate situated in Shelby County, Indiana, to wit: The southwest $\frac{1}{4}$ of the southeast $\frac{1}{4}$ of section 8, in township 14 north in range 6 east, containing 40 acres, more or less. The court finds that the plaintiff should recover from the defendants, Eliza J. Drake and David R. Drake, the sum of $375, and that said real estate be sold upon a decree of this court to pay and satisfy said sum. (3) And the court further finds that upon defendant, Eliza J. Drake's cross-complaint she is entitled to a reconveyance from said William H. Russell to said Eliza J. Drake of the following real estate, to wit: The south half of the south half of the northwest $\frac{1}{4}$ of the southwest $\frac{1}{4}$ of section 8, in township 14 north in range 6 east, containing ten acres."

Judgment was entered accordingly and a commissioner appointed to reconvey the ten acres to appellee, Eliza J. Drake. It is appellant's contention that by the terms of his mortgage he is entitled to recover the $375 and also retain the interest in the real estate conveyed to him by

1.

Eliza J. Drake, while appellee contends that it was the intention of all the parties and the contract between them was that appellant was only entitled to recover such damages as he had suffered by failure of appellees to confirm title in appellant by securing deeds from the owners of the fee. The court took the view that if appellant insisted upon a recovery of the $375, that he should reconvey to appellee the real estate attempted to be conveyed to him by appellee. It was found by the court that at the time appellant purchased the ten acres from appellee he contracted to purchase the entire fee simple and not the life estate. It would be inequitable and against good conscience to allow appellant to recover the full purchase price of the real estate and retain the real estate also. In proceedings in equity the courts will look to the whole transaction to determine the rights of the parties and will not allow technical form to override substantial equity. *McCoy* v. *Barnes* (1894), 136 Ind. 378, 381, 36 N. E. 134. The construction which the trial court put upon the transaction was, that the mortgage was a contract of indemnity to secure to appellant the return of the purchase money so paid if in any of the events named in the mortgage sued on he should lose the land he had purchased. Appellant at the time he brought suit upon his mortgage was in possession of the lands which he had purchased of appellee, and his title thereto had not been questioned. Appellant seeks to retain the land and in addition that the purchase price paid therefor should be returned to him. The court gave him a judgment for his purchase money, but required that he should do equity by returning to appellee that for which he paid the $375. It is a familiar rule that he who seeks equitable relief must show that he has

done, or offered to do, all that equity requires of him. *Jones* v. *Ewing* (1886), 107 Ind. 313, 318, 6 N. E. 819. The trial court has done exact justice to all the parties and the judgment is affirmed.

NOTE.—Reported in 111 N. E. 186. As to elementary principles governing rights on breach of contract, see 33 Am. St. 791. See, also, under (1) 39 Cyc 2000, 2069; (2) 16 Cyc 134; (3) 16 Cyc 140.