KROEGER ET AL. *v.* KASTNER ET AL.

[No. 26,826. Filed November 9, 1937.]

650

Thomas W. Lindsay, for appellants.

Leonard Ashley, for appellees.

FANSLER, C. J.—In 1934 the appellants and the appellee Katherine Kastner entered into a contract and agreement, by the terms of which the appellee purchased 119½ acres of land from the appellants, and agreed, as a consideration therefor, to convey to the appellants 18 31/100 acres of land, and to execute a mortgage upon the 119½ acres purchased for the balance of the purchase price, amounting to $2,000. Appellee also purchased from the appellants certain personal property located upon the 119½ acres, valued at $1,475, the purchase price for which was, by supplemental agreement, included with the $2,000 in the amount to be covered by the mortgage on the 119½ acres. A deed and mortgage were prepared and executed to consummate the transaction, but by inadvertence and error of the scrivener, and without knowledge of the parties, only 60 acres of the 119½ acres purchased by the appellee was described in the deed and mortgage, and, in lieu of a description of the remaining 59½ acres, there was inserted a description of 59½ acres of land lying in another and different section. Appellee took possession of the 119½ acres of land contemplated by the parties. Thereafter, the appellee being in default, the appellants brought suit and foreclosed their mortgage. The property, described as in the mortgage and deed above referred to, was ordered sold, and appellants became the purchasers upon a bid of $700 less than the amount of the judgment. They receipted the judgment in the amount of their bid, and, the year of redemption having expired, received a deed from the sheriff in which the property was described as

in the original deed and mortgage. Thereafter, having discovered the error in the description, and the appellee Katherine Kastner being in possession of the 60 acres for which she had never received a deed, but which appellants had until then believed they had conveyed to appellee, and which they until then believed had been covered by the mortgage and the sheriff's deed which they had received, the appellants brought this action in ejectment. The appellees answered in general denial, and appellee Katherine Kastner filed a cross-complaint alleging the facts heretofore recited concerning the contract for the sale and exchange of land, and the execution and delivery of the deed by the appellants to her, and that it was intended by said deed that the appellants convey to her the 59½ acres of land which had been omitted by inadvertence, but that by mistake there was an error in the description; that both she and plaintiffs believed that the deed correctly described the premises; "that the purchase price for said fifty-nine and one-half (59½) acres, above described, has been fully paid by said defendant, pursuant to the terms of said written contract"; that she immediately went into possession of the lands, and continued to hold them until the beginning of the action. There was prayer that the deed be re-formed to correctly describe the land, and that she be given judgment for the possession of the land, and for damages. There was a reply in general denial, and an affirmative answer, which need not be noticed.

There was a trial by jury, and a judgment that the plaintiffs (appellants) recover nothing, and that the appellee Katherine Kastner is entitled to have the deed re-formed and a commissioner appointed to convey the 59½ acres in question to her.

Error is assigned upon the overruling of appellants' motion for a new trial, under which they assert error in

the giving and refusal to give certain instructions, and question the sufficiency of the evidence.

Appellees question the sufficiency of appellants' brief under the rules of this court, but the brief is sufficient to advise as to the substantial question involved.

The cross-complainant seeks the intervention of equity for the purpose of vesting her with title to land, the legal title to which she failed to acquire through inadvertance and mistake in the drafting of a deed. She alleges that the purchase price was fully paid. The facts are not in dispute. When she received the deed containing the erroneous description, she executed notes which were intended to be secured by a mortgage upon the land which she then acquired. If, in equity, she is entitled to possession and legal title to the land, likewise, in equity, appellants are entitled to a lien upon it to secure the purchase price. By the judgment below, the appellee gained all that she was entitled to under the original contract, while the appellants have acquired a lien, and, by purchase upon foreclosure, title to only 60 acres of land. Where it is possible to do so, equity will place the parties in the position intended by their original contract. But here that is not possible, unless, in re-forming the deed from appellants to appellee, it also re-forms the sheriff's deed to cover the land which was intended to be mortgaged. Appellees contend that this cannot be done. But there would seem to be no impediment, since the rights of no third parties have intervened, and since the description in the sheriff's deed was founded upon the same error that caused the original misdescription in the deed and mortgage. But if it be assumed that the sheriff's deed cannot be re-formed, then the appellee must fail on her cross-complaint, since the appellants did not receive the consideration or the security that was to pass to them. One who seeks equity must do equity, and, where one

seeks to overthrow a legal title in another in favor of himself, and bases his right upon a contract upon mutual considerations, he must show that he has done everything required of him under the contract, or that the person against whom he seeks relief has received that which he was to have received under the contract. Otherwise there is no equity, but an injustice, since the one would receive all that he was to receive, and the other would receive less than it was agreed should be his.

Appellees contend that the appellants are bound by their proceeding to judgment on their mortgage as written, and that after the judgment they are no longer in a position to ask re-formation of the mortgage, but are required to take as security the lesser amount of land described in the mortgage. But assuming, though not deciding, that this position is sound, it does not help appellees' situation. It is not disputed that, at the time of the foreclosure, appellees were served with notice, and that appellees then knew that there was an error in the description, both in the mortgage and the deed. If they had then called attention to the error, and asserted their right to a re-formation of their deed, appellants would have had opportunity to ask a re-formation of the mortgage in the foreclosure proceeding. But the appellees stood by and permitted the appellants to proceed in the foreclosure proceeding. Failure to assert a right, with knowledge of conditions, in conjunction with a lapse of time, causing prejudice to the adverse party, will bar a right to equitable relief. One who stands by under circumstances such as here discussed, with knowledge of the facts, and permits his adversary to act to his disadvantage, does not thereafter come into a court of equity with clean hands when he seeks relief from mutual mistake.

The conclusion reached would seem to dispose of the

654

question sought to be presented in various ways. The facts are clear and will not change upon another trial.

Judgment reversed, with instructions to set aside the verdict, and to enter judgment for appellants upon their complaint and upon the cross-complaint of the appellees.