Florence BECKER, Appellant
(Plaintiff Below),

v.

Robert M. MacDONALD and Lois E.
MacDonald, Appellees
(Defendants Below),

No. 4–585A149.

Court of Appeals of Indiana,
Fourth District.

Feb. 11, 1986.

Thomas M. Barr, Nashville, for appellant.

John J. Thomas, Thomas & Thomas, Kristi Buechler, Brazil, for appellees.

CONOVER, Judge.

Plaintiff-Appellant, Florence E. Becker (Florence), appeals a judgment determining ownership of and partitioning certain par-

cels of real estate, requiring specific performance of an oral contract for the sale of real property, and denying her claim for breach of an implied warranty of habitability due to negligent construction of a home.

We affirm in part, reverse in part, and remand.

## ISSUES

The issues, restated, are:

I. whether the trial court

(a) properly determined the ownership interests and proportionate shares of the parties in real estate held as joint tenants with right of survivorship, and

(b) followed statutory guidelines concerning partitioning of the real estate;

II. whether a trial court when ordering specific performance of a contract may add terms thereto; and

III. whether claims for damages due to alleged structural defects were properly denied.

## FACTS

Florence Becker and Robert MacDonald (Robert) are siblings. Lois MacDonald (Lois) is Robert's spouse. Florence and the MacDonalds have been involved in several transactions concerning the sale and purchase of real estate. Generally, the issues here involved transactions concerning (a) the purchase of three parcels of land, and (b) a separate transaction concerning the purchase of a home on 1.2 acres of land.

### (a) The Three Parcels

At different times three parcels of real estate were purchased. Together, these parcels contained 32.63 acres. Florence paid all of the consideration for these purchases. The deed for the first parcel granted it to "Robert M. MacDonald and Lois E. MacDonald, husband and wife; Florence MacDonald Becker, tenants in common." This parcel was later conveyed to a trustee and reconveyed to the same parties "as joint tenants with right of survivorship, and not as tenants in common." The other two parcels were granted to these parties "as joint tenants with rights of survivorship and not as tenants in common."

Florence also paid the legal and survey fees, and all real estate taxes and insurance on the three parcels. For a time Robert managed the properties and collected and retained rents and profits from the properties. Later, Florence collected and retained rents and profits.

### (b) The Home

In 1972, Robert and Lois began building a new home on a 1.2 acre tract they owned. Before the home was completed Florence moved into it. Florence completed the construction of the home. She paid $6,500 as rent to Robert. Later, the parties orally agreed Florence would purchase the home and 1.2 acres for $35,000. Florence paid $10,000 to the MacDonalds. The parties later agreed $3,500 of the $6,500 earlier paid as rent would be applied to the purchase price. Still later Florence paid an additional $5,000.

Robert and Lois paid the real estate taxes and insurance premiums on the home. No writing ever memorialized any part of the purchase agreement.

In 1979, following a heavy rain, part of the front basement wall collapsed. Florence had the damage repaired.

Additional facts necessary to resolution of the issues presented are discussed below.

## DISCUSSION AND DECISION

I. *Ownership, Partition, and Distribution of the Three Parcels*

Florence contends the trial court's determination of "separate and several" ownership of the 32.63 acres is not supported by the evidence and is contrary to law. She asserts she should have been declared sole "equitable" owner of these parcels.

MacDonalds assert there was no error because the deeds were prepared according to the intentions of Florence, pursuant to her instructions.

### (a) Ownership

She asserts in Counts I and II of her complaint she was the owner of an undivided one-half interest in these three parcels,

the property was not susceptible of division, should be sold, and the proceeds distributed. She prayed for partition, sale, distribution of the proceeds, accounting for rents and profits, and reimbursement for a proportionate share of taxes paid. To the contrary, Florence asserts equitable ownership of all three parcels in Count III of her complaint, seeks to quiet title in her name alone, and reformation of the deeds to reflect her sole ownership.

The trial court found Florence and the MacDonalds were each "separate and several owners" of an equal undivided one-half interest in the described real estate. It found the property not susceptible of division or partitioning in kind, appointed a commissioner to collect the income therefrom, make sale, and distribute the proceeds.

Florence argues when she had the deeds prepared she did not intend Robert and Lois should have a present interest in the parcels. Florence testified she intended only the property should devolve to Robert and Lois upon Florence's death.

Robert and Lois argue (1) mere payment of the consideration by Florence is not sufficient to show she intended she would be the sole owner, (2) Florence made no showing of any wrongful act, e.g. fraud or undue influence, on their part sufficient to warrant setting aside the deed, and (3) Florence's mistake as to the legal effect of the deeds is not sufficient to cancel them.

It is undisputed Florence paid the full consideration for these properties, paid the taxes and insurance upon them, and collected insurance proceeds when a house on one of the parcels burned. It is equally undisputed Robert managed the properties, collected and retained rents, and expended money in maintaining them. Florence also paid the surveyor and retained counsel to prepare the deeds conveying the property from the sellers to her, Robert, and Lois. Florence testified she explained her purposes to the attorney and he drafted the deeds.

■ Florence now asserts because she did not intend joint ownership and so testified the trial court should have determined she was the sole equitable owner of this real estate. We disagree.

In similar circumstances our courts have ruled misinterpretation of the legal effect of expressions used to describe an ownership interest is a mistake of law for which no relief can be granted. In this regard, this Court has said:

It is apparent from the averments of the complaint and from the instrument itself that the mistake did not consist in inserting in the deed a form of words not intended, or in omitting therefrom a form of words intended to be inserted, but that it did consist in the misinterpretation of the legal effect of the expression used— in other words, it was not a mistake of fact, but a mistake of law.

As stated in *Prior v. Quackenbush*, 29 Ind. 475: "The deed does not bear evidence that it was written by one 'learned in law.'" It has been repeatedly held in this state that such mistakes, being of law, cannot be corrected. *Nelson v. Davis*, 40 Ind. 366; (citing cases). In *Nelson v. Davis*, supra, the court portrays a situation that aptly described the one here involved, as we understand it, as follows:

"It may, perhaps, be supposed that a scrivener was employed to prepare the deed, to whom the parties explained their purposes in the matter, and that he prepared such an instrument as he supposed would be available in carrying them out, and that the grantors executed it; all parties supposing that the terms employed would be sufficient to effectuate such purposes. If so, and if in this they were mistaken, it was a mere mistake of law, from which, except in cases of peculiar character, no relief can be, granted."

Under the foregoing authorities, it is clear that, the mistake which appellants seek to correct being one of law, and not of fact, we are not permitted to reform the instrument to make it express the

meaning for which appellants contend, assuming that in its present form it does not express such meaning.

*Shoe v. Heckley* (1922), 78 Ind.App. 586, 590–591, 134 N.E. 214, 216.

Florence contends this court's ruling in *Baker v. Chambers* (1980), Ind.App., 398 N.E.2d 1350, entitles her to be declared sole equitable owner of the entire 32.63 acres. We disagree. *Baker* deals only with the intent of tenants in common concerning their relative shares of ownership. It does not alter the rule of *Shoe* and cases cited therein concerning the type of ownership and legal effect of the deed.

Thus, we conclude the trial court did not err when it determined the parties here were co-owners. Florence's partition action,[1] severs the joint tenancy, and negates the survivorship aspect of it.

Florence argues she rebutted the presumption of equality of shares, again citing *Baker*. *Baker* provides where parties are the original grantees and hold real estate as *tenants in common* there is a rebuttable presumption the parties hold equal shares. *Baker* permits extrinsic evidence about the intent of the parties concerning the share held by each. *Baker*, 398 N.E.2d at 1352.

*Baker* does not apply here. It deals with a tenancy in common and the presumptive shares of each. We need not determine whether *Baker* applies to joint tenancies with right of survivorship. Once it was determined the parties held as joint tenants, the only issue before the court was whether Florence held a one-half interest as alleged in her complaint (R. 17), or whether each party held an undivided one-third interest, as alleged by MacDonald's answer (R. 23). The court found Florence held a one-half interest in the property, as she alleged. This finding is consistent with *Anderson v. Tannehill* (1873), 42 Ind. 141, 147. *Anderson* held when land is conveyed to a husband and wife jointly with a third party the husband and wife take an undivided one-half interest as tenants by the entireties.

Florence is thus in the position of appealing a determination in her favor. Generally, where findings have been made and are in favor of the party who carried the burden of proof we will not reverse unless the court's findings are clearly erroneous. Ind. Rules of Procedure, Trial Rule 52(B). *McClamroch v. McClamroch* (1985), Ind. App., 476 N.E.2d 514, 521.

Florence cites no authority which would permit this court to grant her more than she asked of the trial court. Further, a party cannot appeal from a judgment which he has expressly or impliedly requested the court to enter. *Kerns v. Garrigus* (1959), 130 Ind.App. 133, 135, 162 N.E.2d 313, 314. *Accord, Jolly v. Modisett* (1971), 257 Ind. 425, 429, 275 N.E.2d 780, 782; *Consolidated Rail Corp. v. Thomas* (1984), Ind.App., 463 N.E.2d 315, 319.

Florence makes no argument here concerning the court's lack of findings on count two of her complaint in which she requested an accounting for rents and profits taken and assessments in taxes paid. Error, if any, in this regard is waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

## II. *Specific Performance of Oral Contract for Sale of Real Estate*

By oral agreement the MacDonalds sold 1.2 acres and an uncompleted house to Florence for $35,000. In this cause Florence prayed for an order of deed execution upon payment of $13,500 by her. (R. 19–20). The MacDonalds answered admitting the sale and the agreed price.

The trial court found a verbal agreement to purchase the home and the 1.2 acres for $35,000. It found Florence should be credited with payment of $18,500, leaving a principal balance due of $16,500. The court also found the MacDonalds were entitled to recover property taxes and insurance premiums paid by them in the amount of $5,581.48. It ordered conveyance to Florence upon her payment of $22,081.48.

---

1. See IND. CODE 32–4–5–1 through 32–4–5–23.

Florence contends the MacDonalds are not entitled to recover property taxes and insurance they paid. Because there was no evidence of either an express or implied aggreement for payment of taxes and insurance, the court's judgment can stand only if the record supports a finding of implied contract or quasi contract, she opines.

■ The MacDonalds note Florence sought the equitable remedy of specific performance. They argue "one who seeks equity must do equity." They conclude it was within the court's equitable power and discretion to require Florence to reimburse them for taxes and insurance premiums paid. We disagree.

We first note the MacDonalds raise no issue concerning the statute of frauds, IND. CODE 32-2-2-1. Neither do they raise any issue concerning whether partial performance of a parol contract for sale of real property entitles a plaintiff to specific performance. Neither party challenges the court's jurisdiction to order specific performance nor do they contest the fairness or justness of the contract. They do not argue inadequacy of the remedy at law, and no issue is raised concerning the intentions of the parties about additional terms of the contract.

■ The only terms of the contract in evidence were (1) the MacDonalds's promise to sell the 1.2 acres and unfinished house, and (2) Florence's promise to pay $35,000. Thus, the sole issue presented is whether a trial court, in awarding the extraordinary remedy of specific performance, may add terms to a contract. We are of the opinion it cannot.

MacDonald's note there was no agreement about taxes and insurance. They argue the trial court may award payment for taxes and insurances in the circumstances presented here under the general equitable maxim "one who seeks equity must do equity," citing *Lowman v. Lowman* (1938), 105 Ind.App. 102, 12 N.E.2d 961, in support of their position.

The *Lowman* court concluded the complaint for recision of a contract stated a good cause of action. There, a father sought to rescind a contract with his son and daughter-in-law. The father had transferred all of his property to his son and daughter-in-law in consideration of their promise to furnish the father a home and support for life and a decent and respectable burial. The court discussed at some length the equity court's authority to determine "the price of its decree." *See, Lowman*, 105 Ind.App. at 118–120, 12 N.E.2d at 967–968. The court concluded a party seeking rescission may be required to restore benefits obtained under the agreement to be rescinded. The considerable discussion concerning the court's inquiry into the equities a plaintiff must do to be entitled to equitable relief is relevant in determining the limits of equitable discretion. *See also, Kroeger v. Kastner* (1937) 212 Ind. 649, 10 N.E.2d 902; *Shaw v. Meyer-Kiser Bank* (1927) 199 Ind. 687, 156 N.E. 551, *reh. denied; Russell v. Drake* (1916) 184 Ind. 623, 111 N.E. 186, *reh. denied; Otis v. Gregory* (1887), 111 Ind. 504, 13 N.E. 39; *Keller v. Orr* (1886), 106 Ind. 406, 7 N.E. 195.

■ From these authorities we conclude the equity court's authority is not without limitation. While one seeking equity must do equity, the equity which must be done is that which should have been done. Here, Florence should have paid the agreed purchase price and the MacDonalds should have conveyed their interest in the real estate. Nothing more is required of either party. Where it is possible to do so, equity will place the parties in the position intended by their original contract. *Kroeger v. Kastner*, 212 Ind. at 652, 10 N.E.2d at 903.

These parties could have made an agreement concerning insurance, taxes and the type of deed by which the MacDonalds' interest would be conveyed to Florence. They did not. The court is not at liberty, even in equity, to rewrite the contract for them.

■ To give a trial court jurisdiction to order specific performance of a contract, it

must be, *inter alia,* capable of being specifically enforced and of such nature the court can decree its complete performance against both parties *without adding to its terms. Risk v. Thompson* (1958), 237 Ind. 642, 147 N.E.2d 540, 545; *Louisville, New Albany and Chicago Railway Co. v. Bodenschatz* (1895), 141 Ind. 251, 263, 39 N.E. 703, 707. (Our emphasis). A court may not substitute its own ideas for any of the terms or conditions of the contract. *Risk,* 147 N.E.2d at 545. Here, the terms of the contract can be completed by simultaneous acts in a single transaction which will require no further court supervision. *See, e.g., Risk,* 147 N.E.2d at 545. Thus, the remedy of specific performance is appropriate. However, the court may not add terms to the contract. To the extent the court did so it must be reversed. While the trial court did not err by granting specific performance, we must remand this case with an order to the trial court to vacate its order for Florence to pay insurance and taxes.

### III. *Breach of Warranty of Habitability*

Count V of the complaint asserts a cause for negligent construction and breach of implied warranty of habitability on the house purchased from MacDonalds. The trial court found against Florence on this issue without making specific findings. Our review of the court's judgment is governed by the "clearly erroneous" standard of Ind. Rules of Procedure, Trial Rule 52. Further, the trial court entered judgment against Florence, who bore the burden of proving her claim. Thus, we will reverse only if the evidence is uncontradicted and supports no reasonable inference in favor of the decision ... or, if our review of the record leaves us with a "definite and firm conviction a mistake has been made." We neither reweigh the evidence nor judge the credibility of witnesses. *See, e.g., McClamroch,* 476 N.E.2d at 521.

Our review of this issue is hindered by Florence's failure to adequately cite to the record. *See,* Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). Any misapprehension of the evidence presented is directly attributable to such failure. We do not search the record to reverse a judgment.

Florence asserts the front portion of her basement wall collapsed due to negligent construction. She cites *Theis v. Heuer* (1972), 264 Ind. 1, 280 N.E.2d 300, in support of her claim of error. *Theis* generally provides a buyer may recover from a vendor-builder for damages suffered due to negligent construction of a home. A review of the evidence presented to the trial court shows, at most, a conflict concerning whether Robert's construction was negligent. There was sufficient evidence before the court from which it could have concluded the collapse of the wall was not the result of negligent construction. It was not unreasonable for the trial court to infer there was no negligence. The testimony of William Huffman, to which both parties refer in support of their contentions, was at most equivocal. Florence contends his testimony proves negligent construction. We have reviewed Huffman's testimony and disagree. Viewed in a light most favorable to the judgment, Huffman's testimony sufficiently shows the collapse of the basement wall was not necessarily the result of negligent construction. Huffman testified he knew of several such collapses (R. 236), there was no way to completely eliminate the possibility although one could have used twelve-inch block for the foundation (R. 237), and there was nothing else which could have been done structurally to prevent the collapse (R. 239). This is substantial evidence supporting the trial court's determination. We find no error in this regard.

Affirmed in part, reversed in part, and remanded with instructions to modify the award of taxes and insurance consistent with this opinion.

YOUNG, P.J., and MILLER, J., concur.