Stotsenburg *et al.*, Trustees, *v.* Same *et al.*

---

No. 7875.

STOTSENBURG ET AL., TRUSTEES, *v.* SAME ET AL.

SHERIFF'S SALE.—*Purchaser.*—*Judgment.*—*Execution.*—*Notice of Irregularities.*—The purchaser at a sheriff's sale of real estate is required to show a valid judgment and execution, and is chargeable with notice of the character and contents of the judgment and execution under which he claims, and of the discrepancies between them, if any exist.

SAME.—This rule applies alike to all purchasers at such sale, whether judgment plaintiff, who is affected with constructive notice of all irregularities, or a stranger to the writ, who ordinarily can be affected only by actual notice.

SAME.—*Assignee of Certificate.*—The assignee of the certificate of sale is in no better position than his assignor.

SAME.—*Appraisement.*—A sheriff's sale of real estate is voidable, if not void, if made without appraisement, when the judgment does not so direct.

SAME.—*Sale in Solido of Land Susceptible of Division.*—A sale of real estate on execution, as an entirety, which is susceptible of division and of sale in parcels sufficient to satisfy the execution, is voidable, and·may be set aside.

SAME.—*Right of Holder of Junior Lien to Set Aside.—Mortgage.—Trustee of Express Trust.*—The assignees and holders in trust of a mortgage of real estate, the lien of which is junior to that of the judgment on which such real estate was sold on execution, have such an interest as entitles them to bring an action to set aside such sale, and, as trustees of an express trust, may sue in their own names.

PRACTICE.—*Pleading.—Exhibits.*—Exhibits filed with a pleading, which are not the basis thereof, constitute no part of the pleading, and can not add to, or detract from, the force of its averments.

From the Clark Circuit Court.

*J. H. Stotsenburg,* for appellants.

WOODS, J.—Action to set aside a sheriff's sale of real estate; demurrer, by the purchaser, to the complaint, for want of facts stated sufficient to constitute a cause of action, sustained; exception saved, and judgment for the defendants.

The appellee has filed no brief, and we are not informed of the respect in which the complaint was deemed to be defective.

The appellants sued as the assignees and holders in trust of a mortgage, which was executed on the 6th day of February, 1872, to secure the payment of $500, and had been duly recorded. The judgment, to satisfy which the sale was made, was obtained in the court of common pleas of Clark county, where the mortgaged land is situated, and constituted the prior lien. The execution was issued August 14th, 1872, containing a direction to levy the sums specified

of the property of the defendants, "without relief from valuation or appraisement laws," was levied upon the mort-gaged land, and, after due advertisement, sale thereof made to the execution plaintiff for the sum of $1,316.10, the amount of the judgment, interest and costs. The purchaser assigned his certificate of purchase to the defendant Burg-hard, to whom, on June 25th, 1874, the sheriff made his deed, in consummation of said sale. With the complaint is set out an alleged copy of these proceedings, the judgment, execution, return, certificate of sale, and all endorsements, but, under repeated decisions on the subject, these exhibits constitute no part of the pleading, and can not be regarded as either adding to, or detracting from, the force of the aver-ments. *Berry* v. *Reed*, 73 Ind. 235 ; *Cress* v. *Hook*, 73 Ind. 177 ; *Tindall* v. *Wasson*, 74 Ind. 495 ; *Ragsdale* v. *Parrish*, 74 Ind. 191 ; *Briscoe* v. *Johnson*, 73 Ind. 573.

It is insisted that the sheriff's sale was irregular, invalid and ought to be set aside, for the following reasons :

1. That it was not ordered in the judgment that the same be executed without relief from the valuation or appraise-ment laws, and yet the execution commanded, and the sher-iff made, a sale of the premises without appraisement.

2. That the premises consisted of several lots and parcels, easily susceptible of division, and more land was offered for sale and sold than was necessary to satisfy the writ ; that "the one two-story brick double tenement building, described in the plaintiffs' mortgage, is situated on the north end of the premises sold, and the same is entirely separate and dis-tinct from the other buildings on said premises, and was so when said levy and sale were made ; that either of said tene-ments, with the ground on which it stood, could have been set off and separated, for the purposes of sale or use, from the rest of said premises, without injury to the interests of the parties, and was fairly worth, at the time of the sale,

Stotsenburg *et al.*, Trustees, *v.* Same *et al.*

the full amount of the judgment, interest and costs; that said brick building, and the land on which it stands, treated and used as a double tenement dwelling-house, and for rental purposes, was worth, at the time of said sale, the sum of $2,500, and could have been set off, by a line drawn east and west across said lot 204, and so sold at that time, without impairing the value or uses of the adjoining improvements, which were placed upon the middle and the southern end of said premises, and consisted of a flour-mill, machinery, fixtures, engine, boiler, building and appurtenances, all separate and distinct from said dwelling-house, said mill, with the ground on which it stood, being fairly worth in cash, at the time of the sale, the sum of $4,000, and capable of separate sale without impairing the value or uses of said dwelling-house."

By section 381 of the civil code, it is enacted that, "When a judgment is to be executed without any relief from appraisement laws, it shall be so ordered in the judgment," and, in so far as the execution on which the sale under consideration was made, purported to authorize a sale without appraisement, it was unauthorized and illegal. The purchaser at a sheriff sale is required to show a valid judgment and execution. *Splahn* v. *Gillespie*, 48 Ind. 397. It follows that he must take notice of the character and contents of the judgment and execution under which he claims, and of the discrepancies between them, if any there be. This rule applies alike to all purchasers at such sale, whether the judgment plaintiff, who is affected with constructive notice of all irregularities, or a stranger to the writ, who, ordinarily, can be affected only by actual notice. *Piel* v. *Brayer*, 30 Ind. 332. The assignee of the certificate of sale is in no better position than his assignor. *Hasselman* v. *Lowe*, 70 Ind. 414.

There can be no doubt that a sheriff's sale of real estate is voidable, if not void, if made without appraisement,

The Cleveland, Columbus, Cin'ati and Indianapolis R. W. Co. *v.* Newell.

when the judgment does not so direct. *Tyler* v. *Wilkerson*, 27 Ind. 450; *Reily* v. *Burton*, 71 Ind. 118. It is equally well settled that a sale of real estate, as an entirety, which is susceptible of division and of sale in parcels sufficient to satisfy the execution, is voidable, and may be set aside. *Tyler* v. *Wilkerson, supra; Piel* v. *Brayer, supra; Bardeus* v. *Huber*, 45 Ind. 235; *Bardeus* v. *Huber*, 60 Ind. 132; *Whisnand* v. *Small*, 65 Ind. 120.

The plaintiffs, as mortgagees, and holding a lien junior to that of the judgment, had such an interest as entitled them to bring the action. As trustees of an express trust, they had a right to sue in their own names. Civil code, sec. 4.

The judgment is reversed, with costs, and with instruction to overrule the demurrer to the complaint, with leave to the defendants to plead.