Cox v. Bird et al.

---

No. 10,510.

### Cox v. Bird et al.

DRAINAGE.—*Ditch Assessment.*—*Sheriff's Sale.*—*Res Adjudicata.*—*Judgment.*— A sale of real estate in pursuance of a decree for the enforcement of a ditch assessment can not be assailed on account of any irregularity or alleged invalidity in the assessment, the decree being conclusive against such enquiry.

SAME.—*Sale without Appraisement.*—A sale of property upon a judgment or decree for the enforcement of a ditch assessment, without appraisement, is illegal, and will be set aside.

SAME.—*Presumption.*—The contrary not appearing, it will be presumed that a judgment for the enforcement of a ditch assessment did not contain an order for the sale of the property without appraisement, as such an order would be illegal.

SAME.—*Action to Set Aside Sale.*—*Parties.*—*Practice.*—In an action to set aside such a sale because made without appraisement, the purchaser is the proper defendant, the owner of the judgment or decree on which the sale was made not being a necessary party.

From the Madison Circuit Court.

*C. D. Thompson*, for appellant.

*H. D. Thompson* and *T. B. Orr*, for appellees.

WOODS, C. J.—The appellant demurred to the complaint for want of facts and for defect of parties, and now insists that for both reasons the demurrer should have been sustained. A full synopsis of the original complaint is given in the opin-

ion delivered upon a former appeal. *Cox* v. *Bird*, 65 Ind. 277. And as the amended complaint now before us is substantially the same, a further statement of its averments is not necessary. The pleading contains superfluous and immaterial averments. The action is to set aside a sheriff's sale and conveyance of land made upon a decree of the circuit court for the enforcement of a ditch assessment. Not content with attacking the decree and the sale made by virtue of it, the pleader undertakes to show that the assessment was invalid. It is evident, however, that if the decree was valid it precludes enquiry into the regularity, or even legality, of the assessment. The sufficiency of the complaint, therefore, depends upon the averments concerning the decree and the sale made under it. The substance of these allegations is, that the execution upon which the sale was made was issued upon a judgment rendered upon default on the 14th day of August, 1878, by the Madison Circuit Court, in an action wherein Dudley Doyle and Matilda Armstrong were plaintiffs, and Nancy J. Griffiths and Abel Griffiths were defendants, the judgment being predicated solely upon a pretended assessment of benefits to the land of a ditch contemplated or constructed; that the land was sold by the sheriff without appraisement, and that Nancy J. Griffiths, who then owned the land, and from whom the plaintiffs had since inherited the title, had no notice whatever of the pendency of the suit in which said judgment was rendered.

The statutory rule is that no property shall be sold on execution or order of sale for less than two-thirds of the appraised cash value thereof, except when otherwise provided by law. R. S. 1881, section 732. And it has been decided in a number of cases that a sale made without appraisement, when the judgment does not so direct, is voidable. *Tyler* v. *Wilkerson*, 27 Ind. 450; *Reily* v. *Burton*, 71 Ind. 118; *Stotsenburg* v. *Same*, 75 Ind. 538. It is not averred in terms, in this complaint that the judgment did not direct a sale with-

out appraisement, but it is shown that the judgment was for the enforcement of a ditch assessment, and, as an order to sell without appraisement in such a case is not authorized by law, it is to be presumed that the judgment did not contain such an order. There was, therefore, no error in overruling the demurrer for want of facts. Was there a defect of parties?

It is insisted that Doyle and Armstrong, the plaintiffs in the judgment upon which the sale was made, were necessary defendants. We do not think so. The appellant alone was the holder of the alleged invalid deed, and for the purpose of testing its validity no other defendant was necessary. It is true that the court declared and adjudged that the decree upon which the sale was made was invalid and void, but this part of the judgment is beyond the issue tendered by the complaint, and binds no one; certainly not Doyle and Armstrong, because they were not parties to the action.

Complaint is made of the decision sustaining the demurrers to the second and third paragraphs of answer; but whatever was well pleaded in those paragraphs was provable under the second and fourth paragraphs. The appellee, as assignee of the sheriff's certificate of sale, acquired no better rights than Doyle, his assignor, who was a plaintiff in the judgment, had. *Stotsenburg* v. *Same, supra;* *Hasselman* v. *Lowe,* 70 Ind. 414.

The allegation in one paragraph of the answer, that the plaintiff's intestate received the excess of the money made by the sale over and above the sum due upon the judgment, does not show an estoppel, because, if for no other reason, it is not shown that she knew whence the money came, or that the sale was made without appraisement. An equitable estoppel does not arise from an act done without a knowledge of the facts which constitute the equity.

Judgment affirmed.