Scheffermeyer *v.* Schaper, Guardian.

No. 10,725.

## SCHEFFERMEYER *v.* SCHAPER, GUARDIAN.

SHERIFF'S SALE.—*Agreement.*—*Fraudulent Representations.*—*Right to Redeem.* —*Sale without Appraisement.*—*Complaint.*—A. owned a certain lot upon which was a mortgage debt due B. The lot was sold under an execution for another debt and purchased by B., who represented to A., who was a foreigner and uninformed on the subject, that the lot was not subject to redemption unless the mortgage debt was also paid, but promised to hold the same in trust until the rents and profits paid the judgment and ten per cent. interest, and also the mortgage debt. These representations are alleged to have been false and fraudulent. Repairs being required on the premises, B. was let into partial possession and made repairs, which, by agreement, were to be included in the debt. Subsequently the lot was sold under the mortgage without relief from valuation or appraisement laws, although the mortgage did not authorize this, and the property was purchased by B., who had been let into full possession and who now claims to hold an absolute title to the property, although the time for redemption has not yet expired. It is alleged that the rents and profits since the property has been in possession of B. have more than paid both debts, interest and repairs. A. offered to pay any balance due on an account being taken, and demands judgment for any excess of payment and possession of the property. *Held,* that the paragraph of the complaint alleging these facts contains a good cause of action.

SAME.—*Statute of Frauds.*—*Redemption.*—*Agreement to Hold in Trust.*—Where a purchaser at sheriff's sale induces the owner of real estate not to redeem by a promise to hold the property until repaid out of the rents and profits, and then to return the property, the promise is not void under the statute of frauds.

SAME.—*Appraisement.*—*Sale without Relief from Valuation and Appraisement Laws.*—Where there is no waiver of valuation and appraisement laws, a judicial sale without regard to appraisement is, at least, voidable.

From the Kosciusko Circuit Court.

*J. S. Frazer* and *W. D. Frazer,* for appellant.

*W. Olds, W. F. McNagny* and *H. S. Biggs,* for appellee.

BICKNELL, C. C.—This suit was commenced against Charles Schaper, who afterwards became insane, and the appellee, his guardian, took his place as defendant.

The question presented is, was the amended second paragraph of the complaint sufficient?

Its averments were, substantially, that the plaintiff, in May, 1866, owned a lot worth $9,000, which he and his wife had mortgaged to said Charles Schaper for $2,034, payable in March, 1867; that said lot, under an execution issued on a judgment against the plaintiff, was bought in by said Charles Schaper for $960; that plaintiff, being a German, and imperfectly acquainted with the language and laws of this State, had great confidence in said Schaper, who had artfully pretended to be his friend, and who was wealthy and intelligent, and understood that land sold on execution could be redeemed within a year by payment of the purchase-money and ten per cent. interest, and was also aware of the plaintiff's ignorance; that in July, 1867, said Charles Schaper fraudulently and falsely represented to the plaintiff that he could not redeem the land from said execution sale without also paying said mortgage debt, he then well knowing that plaintiff was not able to do both, and that plaintiff was relying on his friendship and knowledge, and he then intending by said false representation to deceive the plaintiff and to induce him not to redeem from said sale; that before the expiration of the year for redemption said Charles Schaper pretended and stated to the plaintiff that he did not wish to become the absolute owner of said lot, and he offered to take the sheriff's deed and hold it until the rents and profits thereof should equal the amount of his bid and ten per cent. per annum thereon, and said mortgage debt, and that he would then convey said lot to the plaintiff; that the plaintiff accepted this offer, and, relying on said agreement, did not redeem the land nor take counsel as to his rights as he would have done if no such agreement had been made; that afterwards said parties agreed that plaintiff should make repairs upon the premises, and in consideration thereof should receive the rents and profits and retain possession of part of said premises until the spring of 1868; that in February, 1868, said Schaper foreclosed his said mortgage for $2,274.30, and obtained a decree for the sale of said lot, not waiving valuation and appraisement laws, and stated to

the plaintiff that if the lot should be sold and he, said Schaper, should buy it, notwithstanding such sale, whenever the rents and profits of said premises, received by said Schaper, should be sufficient to satisfy said decree, and said bid at the execution sale and ten per cent. thereon, then he would reconvey said lot to the plaintiff in accordance with his original agreement; that, relying on said agreements, the plaintiff neither redeemed the lot from the execution sale nor paid the mortgage debt, but about April 1st, 1868, delivered to said Schaper the possession of said premises; that said Schaper afterwards had the lot sold under his said decree, and bought it at the sale for $2,361.62, and took the sheriff's certificate of such purchase, but has not yet taken a deed, and that he now claims a title in fee simple by virtue of said last mentioned sale; that said Schaper, for the purpose of defrauding the plaintiff and putting him off his guard, made said representations, promises and agreements, knowing them to be false, and not intending to perform them; that said sale under said foreclosure is void because it was without appraisement; that under said first agreement said Schaper took possession of part of said premises in July, 1867, and has ever since received the rents and profits of that part, and since April 1st, 1868, has had the possession and the rents and profits of all the premises, of the annual value each year of $600, enough to have long ago satisfied said first bid and said mortgage debt, and ten per cent. per annum interest thereon, and all costs, taxes and assessments, and all repairs and improvements; that the plaintiff, in 1873, demanded an account from said Schaper which he refused, and still refuses, and now claims that the said lot and all said rents and profits belong to him absolutely; that if anything is due said Schaper by reason of the premises, the plaintiff is ready and hereby offers to pay the same when ascertained, as the court shall direct, and he prays that an account be taken of said rents and profits, taxes and assessments, repairs and improvements, and that if anything remains due the plaintiff he may

have judgment therefor, and for the possession of said real estate and all other proper relief.

We think this complaint contains a good cause of action; it avers that Schaper induced the plaintiff not to redeem the lot by promising that he would take the sheriff's deed and hold it until repaid out of the rents and profits, and that he has been repaid out of the rents and profits. Such an agreement will not be void under the statute of frauds. *Butt* v. *Butt*, 91 Ind. 305; *Rector* v. *Shirk*, 92 Ind. 31. And as to the sale under the mortgage, the sheriff had no authority to sell without appraisement. Such a sale is, at least, voidable. *Fletcher* v. *Holmes*, 25 Ind. 458; *Evans* v. *Ashby*, 22 Ind. 15; *Doe* v. *Craft*, 2 Ind. 359; *Tyler* v. *Wilkerson*, 27 Ind. 450; *Stotsenburg* v. *Same*, 75 Ind. 538; *Jones* v. *Kokomo Building Ass'n*, 77 Ind. 340; *Weaver* v. *Guyer*, 59 Ind. 195; *Cox* v. *Bird*, 88 Ind. 142. . We need not determine what would be the effect of false representations of mere matters of law unconnected with the other matters averred in the complaint. See *Peter* v. *Wright*, 6 Ind. 183.

The court erred in sustaining the demurrer to the amended complaint.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded with instructions to overrule the demurrer to the amended second paragraph of the complaint.

Filed May 8, 1884. Petition for a rehearing overruled Oct. 9, 1884.