CRUMRINE, ET AL. *v.* CRUMRINE, ET AL.

[No. 10,883.    Filed May 31, 1921.    Rehearing denied October 6,
1921.    Transfer denied December 6, 1921.]

PARTITION.—*Division of Real Estate.*—*Determination without Appointment of Viewers.*—*Statutes.*—In an action for partition of
real estate, the trial court may, without the appointment of
commissioners, determine the issue as to the susceptibility of
the real estate to division without damage thereto and the owners thereof, under §1246 Burns 1914, §1189 R. S. 1881, empowering the court in partition proceedings to order the sale
of lands where upon the trial it appears that the lands "cannot
be divided without damage to the owners;" and such authority
is not limited by §1256 Burns 1914, Acts 1889 p. 395, providing
that the court may order the sale of lands sought to be partitioned, when commissioners appointed to make the partition
report that the lands are not susceptible to partition without
damage to the owners.

From Wabash Circuit Court; *Nelson G. Hunter,*
Judge.

Action by Alonzo Crumrine and others against Milo
Crumrine and others.  From the judgment rendered,
the defendants appeal.  *Affirmed.*

*Alvah Taylor,* for appellants.

*A. H. Plummer* and *Franklin W. Plummer,* for appellees.

REMY, J.—Appellee commenced this suit against appellants for partition, and in his complaint alleged that
the lands in question could not be partitioned among
the respective owners without injury to their interests,
and that therefore the same should be sold.  Appellants
filed answers and a cross-complaint.  To the cross-complaint, appellee answered in denial.  The one controverted issue presented by the pleadings was whether or
not the land could be partitioned without damage to the
owners.  A trial by the court resulted in a finding and
judgment that appellants Milo Crumrine and James M.

Crumrine, and appellee Alonzo Crumrine, were the owners as tenants in common of the said lands, each being the owner of the undivided one-third part thereof; that the said lands were not susceptible of division without material injury to the owners; that a commissioner be appointed to make sale, and to divide the proceeds thereof, etc.; the finding and judgment being in the usual form in such cases.

It appears from the record, that the court had heard the evidence, and before judgment was rendered, appellants requested the court to appoint commissioners to report as to the susceptibility of the land to division without damage, and that the court refused to appoint such commissioners, but instead made a finding and rendered judgment.

Appellants have assigned numerous errors, but the only question presented for consideration by this court is whether or not in a suit for partition of real estate the trial court may, without the appointment of commissioners, determine the issue as to the susceptibility of the real estate to division without damage to the real estate and the owners thereof.

In this state, the partition of real estate is regulated by statute. Section 9 of the act governing partition proceedings (§1246 Burns 1914, §1189 R. S. 1881) specifically empowers the court to order a sale of the lands, where upon the trial it shall appear that the lands "can not be divided without damage to the owners." The authority thus given the court is not, as contended by appellants, limited by §18 of said act (§1256 Burns 1914, Acts 1889 p. 395) which provides that the court may order the sale of lands sought to be partitioned, when commissioners, which have been appointed to make partition, report that the lands are not susceptible to partition without damage to the owners thereof.

It was within the province of the trial court to determine the issue presented. There was no error. in refusing to appoint commissioners.

Affirmed.