MEADOWCRAFT ET AL. v. WOODS.

[No. 10,924.   Filed October 5, 1921.]

1. PARTITION.—*Divisibility of Realty.*—*Determination Without Appointment of Commissioners.*—In an action for partition of lands, the trial court may, without the appointment of commissioners, determine whether the real estate is susceptible to division without damage to the real estate and the owners thereof.  p. 317.

2. PARTITION. —*Action Between Cotenants.*—*Issues.*—*Mode of Creation of Cotenancy.*—Where the issue was right of partition, and no question of superior title was involved, it was only necessary for plaintiff to allege in general terms and prove the fact of cotenancy, and the share of each cotenant, and not the mode of its creation; hence error, if any, in admitting evidence as to plaintiff's chain of title was harmless.  p. 318.

3. APPEAL.—*Appellant Must Show Prejudicial Error.*—Appellant must show that they were injured by alleged error.  p. 318.

From Lake Circuit Court; *E. Miles Norton*, Judge.

Action by Nellie B. Wood (also known as Nellie B. Gibbs) against Anne S. Meadowcraft and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Frank B. Pattee* and *Herbert T. Johnson*, for appellants.

*Otto J. Bruce, Warren Pease* and *Foster Bruce*, for appellee.

NICHOLS, P. J.—The substantial question in this case, as between appellants and appellee, is as to whether in a partition proceeding the court can hear evidence and determine as to whether the property was divisible, without appointing commissioners in partition. The question has been decided against appellants' contention in the case of *Crumrine* v. *Crumrine* (1921), 77 Ind. App. ——, 131 N. E. 230 (decided at this term). The attention of appellants' counsel was directed to this case and, after reading the same, he

conceded in oral argument that the question had been determined against his clients.

Appellants, however, present other alleged errors pertaining to the admissibility of evidence. This evidence, in the main, was material only for the

2. purpose of establishing appellee's chain of title involved in her action only so far as she sought to quiet her title against certain defendants who were defaulted, and who are not parties to this appeal.

For the purposes of partition, which was the issue involved between appellee and appellants, it was only necessary to allege in general terms and to prove the ownership of the property by the cotenants and the share or moiety of each. The chain of title was not necessarily involved. The fact of the cotenancy was essential; the mode of its creation was immaterial.

Before appellants can complain of an alleged error they are burdened with showing that they were injured thereby. On the authority of *Crumrine* v. *Crum-*

3. *rine, supra; Campbell* v. *Nebeker* (1877), 58 Ind. 446; and §700 Burns 1914, §658 R. S. 1881, we hold that the merits of this case have been fairly tried and determined so far as appellants are concerned, and under such circumstances this court will not reverse the judgment of the lower court. The judgment is affirmed.

McMahan, J., not participating.