George Andrew BECHERT, Jr., Appellant (Defendant Below),

v.

George Andrew BECHERT III and Michael Lynn Bechert, Appellees (Plaintiffs Below).

No. 1–781A225.

Court of Appeals of Indiana, First District.

May 25, 1982.

John P. Wilson, Wilson & Limeberry, Greenwood, for appellant.

David J. Houck, Houck & Houck, Greencastle, Elliott Hickam, Hickam & Hickam, Spencer, for appellees.

ROBERTSON, Judge.

George Andrew Bechert Jr. (Bechert) appeals an adverse judgment in a partition action brought by his sons, George Andrew Bechert III and Michael Lynn Bechert (Sons). The land was ultimately sold at a public sale for $28,000. We reverse.

Bechert essentially raises three issues on appeal. First, he argues the trial court and his sons were bound by a stipulation, which stated that the property was worth at least $67,500 and should not be sold for a lesser amount. Next, he argues the trial court violated Ind.Code 32–4–5–1 *et seq.*; primarily by failing to have the property appraised and sold for at least two-thirds of its appraised value, as required by Ind.Code 32–4–5–13. Bechert also contends the trial court failed to give him proper notice of rebidding which occurred one week after bids were originally submitted.

Bechert purchased the property in question on January 28, 1972, for $4,000. The deed named Bechert and his sons as grantees and as joint tenants with right of survivorship. On May 29, 1980, the sons filed their complaint for partition, alleging that the land could not be divided and seeking to have the land sold. On October 30, 1980, the trial court found for the sons and appointed a commissioner to administer the sale. The trial court's judgment specified that the proceeds of the sale would be divided into thirds with each party getting a one-third share, prior to some set-offs for taxes, maintenance, and the purchase price.

The commissioner advertised the property for 15 days in various newspapers of general circulation. The notices announced that bids would be opened at the Owen County courthouse on December 8, 1980.

The sons' counsel contacted Bechert's counsel on December 4, 1980, and noted that the property had not been appraised. Therefore, he suggested that the parties stipulate the value of land as $1,500 per acre or $67,500 for the entire 45.63 acres. Both counsels signed the stipulation. The stipulation also stated that selling the property for less than $67,500 value was contrary to all parties' interests and therefore, that the property should not be sold for less than the "appraised value." The stipulation was submitted to the trial court on December 8, 1980, prior to the opening of bids. The judge noted that he did not intend to be bound by the stipulation, but would instead sell the property to the highest bidder.

Subsequently, the bids were opened and a high bid of $31,028.40 was entered. The trial court directed the commissioner to receive bids for another week until December 15, 1980, at which time sale to the highest bidder would be approved. The highest bid on December 15, 1980, was $28,000, the original high bid of $31,028.40 having been withdrawn. The trial judge ordered the preparation of an order of sale for the $28,000 bid.

At the original bid opening on December 8, 1980, neither Bechert nor his counsel were present. The trial judge requested that plaintiff's counsel relay the extension of time, and the bids given, to Bechert's counsel. The two attorneys spoke on December 15, 1980, by phone. Bechert's counsel was made aware that the stipulation was not being honored and that additional bids were being solicited. On January 19, 1981, Bechert went to his sons' attorney, delivered a check for $20,000 to cover their respective shares, and stated that he wanted to bid for the property. A motion to this effect was filed seeking an order requiring the commissioner to convey the land to Bechert. On January 22, 1981, a hearing was held on the motion and the commissioner's report of sale. The commissioner's report in relevant part specified that the property was being sold to the highest bidder, Walter Duregger Jr., for $28,000. Bechert's motion and bid were denied for being untimely filed. The report of sale was approved.

We have found no analogous cases dealing with the effect of a stipulation valuing partitioned real estate. We recognize that stipulations are generally favored as expediting legal proceedings, *e.g. Raper v. Union Federal Savings Bank & Loan Assoc. of Evansville*, (1975) 166 Ind.App. 482, 336 N.E.2d 840. However, given the extensive statutory provisions regulating the sale and appraisal of partitioned property, Ind.Code 32–4–5–1 *et seq.* and by reference Ind.Code 34–1–37–1 *et seq.*, we do not think the parties could bind the trial court by stipulating the land's value. Practically, it seems unlikely this situation would occur

with any frequency. If the parties are in agreement, there will be no need for a court supervised partition and sale.

The sons argue their father waived any statutory improprieties by entering the stipulation and thus inviting the trial court's error. Apparently, Bechert was aware of the lack of appraisal by at least December 4, 1980, when sons' attorney contacted his lawyer. In the future, in light of this decision, it would be appropriate for parties to raise statutory irregularities as soon as they become known. Because the effect of a stipulation setting the value for partitioned real estate was uncertain, we do not think Bechert waived the issue of noncompliance with the statutory requirement. He did object prior to approval of the report of sale and raised the issue in his motion to correct errors.

We find that the trial court committed reversible error by failing to follow the statutory partition procedures. IC 32–4–5–13 requires partitioned property being sold to be appraised in the same manner property is appraised for sale on execution and sold for at least two-thirds (⅔) of its appraised value. IC 34–1–37–3, dealing with execution sales, provides for the selection of appraisers. By analogy, in cases of sales on execution conducted without appraisal, the sale has been held to be invalid. *Stotsenburg et al. Trustees v. Same et al.* (1881) 75 Ind. 538; *Scheffermeyer v. Schaper, Guardian,* (1884) 97 Ind. 70.

The extensive statutory procedures are designed to protect the rights of all parties to a partition action. The types of problems and confusion presented in the record of the case at bar are good examples of why the statute should be followed.

The trial court's judgment is reversed and the cause remanded for further action consistent with this opinion.

RATLIFF, P. J., and NEAL, J., concur.