Florence BECKER, Appellant
(Plaintiff Below),

v.

Robert M. MacDONALD and Lois E. MacDonald, Appellees
(Defendants Below).

No. 4–585A149.

Court of Appeals of Indiana, Fourth District.

April 10, 1986.

Thomas M. Barr, Nashville, for appellant.

John J. Thomas, Thomas & Thomas, Kristi Buechler, Brazil, for appellees.

CONOVER, Judge.

Plaintiff-Appellant, Florence Becker (Becker), petitions for rehearing. Her appeal was decided by this court February 11, 1986, published at 488 N.E.2d 729.

ISSUES

I. Florence notes we failed to address the issue of whether the trial court erred when it found, without the aid of commissioners, jointly held property was not susceptible of division and could not be partitioned in kind. She is correct. We failed to address this issue and will do so now.

II. Florence also contends we failed to address the issue of whether original grantees who hold real property as joint tenants may rebut the presumption they hold equal shares. Initially, we determined it was not necessary to do so directly.

However, we will now attempt to clarify the matter for her.

FACTS

The facts of this case are set out in our opinion published at 488 N.E.2d 729. Briefly, the case involves determination of the interests of Florence and the MacDonalds, Florence's brother and sister-in-law, in jointly held real property.

DISCUSSION AND DECISION

I. *In Kind Partition*

The trial court found Florence and the MacDonalds were "separate and several" owners of 3 parcels of real estate. It determined Florence held an undivided one-half interest in the real property. The trial court further found the property was not susceptible of division or partitioning in kind. A commissioner was appointed to collect income, make sale, and distribute the proceeds.

Florence asserts the court could not determine the susceptibility of the property to division or partitioning in kind without the aid of commissioners appointed for that purpose. She directs our attention to IND. CODE 32-4-5-4[1] and IND.CODE 32-4-5-13.[2] She opines these statutory sections require commissioners to determine the

---

1. 32-4-5-4 Interlocutory judgments; sale of land

    Sec. 4. If upon trial of any issue, or upon default, or by consent of parties, it shall appear that partition ought to be made, the court shall award an interlocutory judgment that partition be made to parties who may desire the same, specifying therein the share assigned to each, and taking into consideration advancements to heirs of a person dying intestate, and the residue of the premises shall remain for the persons entitled thereto, subject to a future partition. But if, upon trial of any issue, or upon default, or by confession or consent of parties, it shall appear that the lands of which partition is demanded, can not be divided without damage to the owners, then, and in that case, the court in its discretion may order the whole or any such part of the premises, to be sold as provided for in section 13 of this chapter. *As amended by Acts 1982, P.L. 187, SEC. 35.*

2. 32-4-5-13 Sale of land; division not possible without damage to owners

    Sec. 13. When such commissioner shall report to the court that the whole or part of the

lands of which partition is demanded can not be divided without damage to the owners, the court, in its discretion may order the whole or such part of the premises to be sold at public or private sale, providing in the order for reasonable public notice of such sale on such terms and conditions as it may prescribe: Provided, That if the court does not order such sale to be made for cash, a cash payment of not less than one-third (⅓) of the purchase money shall be required by the court to be made to said commissioner by the purchaser of such land at the time of the sale: Provided, also, That at public sale such land shall sell for at least two-thirds (⅔) of its appraised value, and at private sale, at not less than its appraised value, to be ascertained as in cases of sales of land on execution, and, if a part only be sold, the remainder may be partitioned, subject to the rules hereinbefore provided: Provided, further, That in all cases where lands by the court ordered to be sold at private sale do not exceed one thousand dollars ($1,000) in value, the same may, in the discretion of the court, be sold without any notice of sale being had or given. In all

real estate cannot be partitioned in kind before the trial court may so decide. We disagree.

This specific issue was decided adverse to Florence by the former Appellate Court of Indiana in *Crumrine v. Crumrine* (1921), 77 Ind.App. 76, 131 N.E. 230. The *Crumrine* court determined the earlier codification of these statutory sections did not limit the court's authority to determine whether the real estate is susceptible of division without damage to real estate and the owners. Specifically, I.C. 32–4–5–13 [3] does not limit the court's authority under I.C. 32–4–5–4 [4] to make the determination.

*Bechert v. Bechert* (1982), Ind.App., 435 N.E.2d 573, cited by Florence provides no support for her argument. *Bechert* determined the trial court could not value real property without an appraisal as required by I.C. 32–4–5–13. *Bechert* does not deal with the court's power to determine divisibility, as specifically provided by I.C. 32–4–5–4.

■ Further, in her complaint Florence alleged the property was not susceptible of division in kind. [Count I, ¶ 5, R. 17–18]. MacDonald's answer agreed. [R. 23]. That is, the parties agreed the real estate was not divisible in kind. Under these additional circumstances the court did not err by so deciding. *See*, I.C. 32–4–5–4. Even if it were error for the court to decide the land was not divisible in kind, such error was invited by Florence's pleading. Invited error is not subject to review by this court. *See, Kerns v. Garrigus* (1959), 130 Ind.App. 133, 135, 162 N.E.2d 313, 314.

## II. *Share of Ownership*

■ Florence next contends we failed to decide whether the rule of *Baker v. Chambers* (1980), Ind.App., 398 N.E.2d 1350 applies to joint tenancies. *Baker* says where original grantees take real estate as tenants-in-common, a rebuttable presumption of equality of shares arises. Thus, original grantees may submit evidence as to intent, contribution, etc. *Baker*, 398 N.E.2d at 1352.

On direct appeal, Florence argued and we discussed *Baker* in two contexts: (a) *type* of ownership and (b) *share* of ownership. To place this discussion in the proper context we note Florence pled her case in the alternative, as provided by Ind.Rules of Procedure, Trial Rule 8(E).

### (a) *Type of Ownership*

In Count III of her complaint Florence asserted "sole equitable ownership" and prayed for reformation of the deeds in her name alone. At trial she submitted evidence concerning her intentions when the deeds were drawn. She argued there and here on appeal such intentions should allow reformation of the deeds to her name alone. We disagreed because her misinterpretation of the legal effect of the expressions used to describe her ownership interest was a mistake of law for which no relief can be granted. Thus, the trial court's determination of the *type* of ownership was not erroneous. Although Florence requests us to reverse the trial court's ruling on Count III, she advances no argument our affirmance of the trial court was also error.

### (b) *Share of Ownership*

Instead, Florence claims we failed to address the issue of her *share* of ownership. We addressed the issue. We did not decide *Baker v. Chambers, supra,* applies in determining the proportionate share of joint tenants because that issue was not properly before the trial court nor this one on appeal. Whether a rebuttable presumption of equality of shares arises when parties hold real estate as joint tenants is not a particularly tough issue, as Florence claims. When someone properly raises it on appeal, we will decide it. However, she has failed to do so in this case.

cases, the purchaser of any such land at the sale shall have tenant rights in all crops planted on such land after such sale. The court of judge thereof in vacation is hereby authorized to approve reports of sale by commissioners in partition proceedings and order the deed delivered to the purchaser.

**3.** then § 1256 Burns 1914, Acts 1889, p. 395

**4.** then § 1246 Burns 1914, § 1889 R.S. 1881

By pleading in the alternative, Florence limited the extent to which the trial court could decide the share issue. Once the trial court correctly determined the parties were joint tenants the only issue as to the proportionate share of each party was whether Florence had a one-half share, as she alleged,[5] or a one-third interest, as alleged by the MacDonalds.[6] The trial court found Florence had a one-half share, as she alleged. She got exactly what she asked for in her pleading. Now she is bound by it.

As we said in our opinion, we cannot grant Florence more than she asked for in the trial court. A party cannot appeal from a judgment he expressly or impliedly requested the court to enter. (*Becker v. MacDonald* (1986), Ind.App., 488 N.E.2d 729, 732, citing cases.) Florence asked the trial court to determine she had a one-half interest in the real estate if it determined she was a joint tenant. That is what it did. She will not now be heard to complain.

Affirmed.

YOUNG, P.J., and MILLER, J., concur.

---

**5.** Florence's complaint, R. 17

