Carol Grube BUCK, Appellant–Defendant,

v.

Michael H. GRUBE and Kathryn Grube, Appellees–Plaintiffs,

v.

Richard Buck, Appellee–Defendant.

No. 49A02–0411–CV–957.

Court of Appeals of Indiana.

Aug. 25, 2005.

Norman T. Funk, Alan J. Irvin, Rori L. Goldman, Hill Fulwider McDowell Funk & Matthews Indianapolis, for Appellant.

Attorneys for Michael H. Grube and Kathryn Grube: Andrew W. Hull, Jason L. Fulk, Hoover Hull Baker & Heath, Attorneys for Richard Buck: Jay J. Haggerty, Haggerty Haggerty & Maschmeyer, Indianapolis, for Appellees.

## OPINION

SHARPNACK, Judge.

Carol Grube Buck ("Carol") appeals the trial court's order partitioning property owned by her and Michael H. Grube and Kathryn Grube (collectively, the "Grubes") and Richard Buck ("Richard").[1] Carol raises two issues, which we revise and restate as:

I.  Whether the trial court's order determining that physical partition of the property could not occur without damages to the property's owners is clearly erroneous; and

II. Whether the trial court's order setting the terms of sale of the property is clearly erroneous.

We affirm in part, reverse in part, and remand.

The relevant facts follow. This action concerns a piece of property located in southern Indianapolis ("Property"). The Grubes are owners of an undivided fifty

---

1. Carol filed a motion for leave to file her appellant's brief and reply brief under seal, which we granted.

percent of the Property as joint tenants with rights of survivorship. Carol and Richard are each owners of an undivided twenty-five percent of the Property as tenants in common. The Property consists of two lots, and a building formerly used as a bank branch sits on portions of both lots.

The Grubes filed a complaint for partition of the Property and alleged that the Property could not be partitioned without damage to the property owners and, therefore, requested that the Property be sold and the proceeds divided. Carol filed an answer contesting the Grubes' request that the Property be sold. The Grubes and Richard later filed a "Stipulation," in which they agreed that the Property should be sold rather than physically partitioned and requested that the trial court appoint a commissioner to sell the Property pursuant to terms that were submitted under seal in "Exhibit C."[2]

After a bench trial, the trial court found that the Property "should be partitioned, that partition in kind is unacceptable as harmful to the owners' interests, that the Court is empowered to order the sale, and therefore orders the sale of the [Property] . . . ." Appellant's Appendix at 14. Specifically, the trial court found:

> Mr. John C. Snell, MAI of Snell Real Estate Evaluation Co, Inc., testified as an expert for the Plaintiffs that he inspected the [Property] in order to estimate the market value of the fee simple interest in the property. He determined its highest and best use is a comprehensive re-development for an array of commercial service, office or retail land uses. Mr. Snell concluded and this Court agrees that partition in kind would be economically unreasonable. Finally, this Court concludes that the

proposed terms of sale contained in Exhibit C are commercially reasonable.

The Court concludes that, pursuant to Indiana Code § 32–17–4–1 et seq., the Plaintiffs have the right to partition. Further, based on the testimony of Mr. Snell, the Court concludes that a partition in kind would be unacceptable as harmful to the owners' interests. Finally, the Court concludes that it is empowered to make this determination and may decline to appoint commissioners for purposes of determining whether the property can not be divided without damage to the owners. *See Becker v. MacDonald*, 491 N.E.2d 210, 211–12 (Ind.App.1986) (Court is empowered to determine that real estate can not be partitioned in kind without the aid of commissioners appointed for that purpose under former partition statute I.C. 32–4–5–4 (now I.C. 32–17–4–4) and I.C. 32–4–5–13 (now I.C. 32–17–4–12)). *See also, Crumrine v. Crumrine*, 77 Ind. App. 76, 131 N.E. 230, 231 (1921) (same analysis under then-existing partition statutes).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. The [Property] can not be divided without damage to the owners and the Court hereby orders the sale of the [Property] on terms and conditions prescribed herein as authorized under Ind.Code § 32–17–4–12;

2. The Court shall appoint a licensed real estate broker to serve as commissioner to conduct the sale of the [Property] as authorized under Ind. Code § 32–17–4–14. This licensed real estate broker may be proposed by agreement of the parties. If no

---

**2.** Although the document was entitled "Stipulation," only Richard and the Grubes agreed to the terms of the Stipulation and Exhibit C. Carol did not sign or participate in filing the Stipulation.

agreement can be reached within ten (10) days, the Court shall appoint a panel of four licensed real estate brokers, from which the parties (Plaintiffs comprising one party) shall strike, leaving one (1) licensed real estate broker to serve as commissioner to list and sell the [Property]. The commissioner shall satisfy the bond requirements set forth in Ind.Code § 32–17–4–14(b) by posting a bond in the amount of $2,500.00;

3. The commissioner shall undertake to provide reasonable public notice of the sale of the [Property] through real estate listings, advertisements and other commercially reasonable means;

4. The [Property] shall be listed at the price of $500,000.00 or its appraised value, whichever is greater, with the property to be sold "as is." Specific terms of the sale are located in Exhibit C to the Stipulation which is filed under seal;

5. The [Property] shall be appraised pursuant to Ind.Code § 32–17–4–12(d), which provides that the Court shall determine the appraised value of the land in the same manner as in cases of sales of land on execution, i.e., Ind.Code § 34–55–4–3. Accordingly, two (2) disinterested householders of the neighborhood where the levy is made shall be selected as appraisers, one (1) of whom shall be selected by each of the parties or their agents, or in the absence of either party of the party's agent, or upon the failure or refusal of either party after three (3) days notice by the sheriff, to make this selection, the sheriff shall proceed to select the appraisers. The appraisers shall immediately proceed to appraise the property according to its cash value at the time, deducting liens and encumbrances. In case of their disagreement as to the value, the sheriff shall select a like disinterested appraiser, and, with the disinterested appraiser's assistance, shall complete the valuation. The appraisement of any two (2) of them shall be considered cash value. See Ind.Code § 34–55–4–3;

6. The commissioner shall be authorized, pursuant to Ind.Code § 32–17–4–15, to sell and convey the [Property] for cash as set forth herein and Exhibit C to the Stipulation;

7. Following the sale of the [Property] and the payment of all commissions and expenses, the proceeds of the sale shall be distributed such that Mr. and Mrs. Grube shall receive one-half (1/2) of the proceeds, Mr. Buck shall receive one-fourth (1/4) of the proceeds and Ms. Buck shall receive one-fourth (1/4) of the proceeds.

\*   \*   \*   \*   \*   \*

*Id.* at 15–18. Carol filed a motion to correct error, in which she argued that the trial court erred by allocating the proceeds of any sale and that the trial court's terms of the sale should be modified. The trial court denied Carol's motion to modify the terms of the sale but granted her motion related to the allocation of the proceeds.

The trial court entered findings of fact and conclusions thereon pursuant to Ind. Trial Rule 52(A). We may not set aside the findings or judgment unless they are clearly erroneous. *Menard, Inc. v. Dage–MTI, Inc.*, 726 N.E.2d 1206, 1210 (Ind. 2000), *reh'g denied.* In our review, we first consider whether the evidence supports the factual findings. *Id.* Second, we consider whether the findings support the judgment. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind.1996). A judgment is clearly

erroneous if it relies on an incorrect legal standard. *Menard,* 726 N.E.2d at 1210. We give due regard to the trial court's ability to assess the credibility of witnesses. *Id.* While we defer substantially to findings of fact, we do not do so to conclusions of law. *Id.* We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. *Yoon v. Yoon,* 711 N.E.2d 1265, 1268 (Ind.1999).

## I.

The first issue is whether the trial court's order determining that physical partition of the property could not occur without damages to the property's owners is clearly erroneous. Specifically, Carol argues that the trial court erred by failing to appoint commissioners to determine if physical partition of the property could occur without damages to the property's owners.

In general, the partition statutes permit any person holding land as a joint tenant or tenant in common to petition the trial court to compel partition of the real estate. Ind.Code § 32–17–4–1 (2004). Ind.Code § 32–17–4–4(d) (2004) provides that:

If:

(1) upon trial of any issue;

(2) upon default; or

(3) by confession or consent of parties;

the court determines that the land for which partition is demanded cannot be divided without damage to the owners, the court may order the whole or any part of the premises to be sold as provided under section 12 of this chapter.

The partition statutes also provide that, to determine whether the land can be partitioned, the trial court "shall appoint three (3) individuals as commissioners," who issue a report to the trial court regarding whether the land can be divided and, if it is divided, how it should be accomplished. Ind.Code § 32–17–4–6, –7, –9 to –11 (2004). If the commissioners report that "the whole or part of the land which partition is demanded cannot be divided without damage to the owners, the court may order the whole or any part of the land to be sold at public or private sale on terms and conditions prescribed by the court." Ind.Code § 32–17–4–12(a) (2004).

Carol concedes that, despite the statutory requirement for the appointment of commissioners, our courts have held that a trial court may determine whether land is susceptible to partition without the appointment of commissioners. In *Crumrine v. Crumrine,* 77 Ind.App. 76, 77, 131 N.E. 230, 230–231 (1921), the appellants in a partition action argued that the trial court improperly determined, without appointing commissioners, that property could not be partitioned without damage to the property and the owners. This court held:

In this state the partition of real estate is regulated by statute. Section 9 of the act governing partition proceedings (section 1246, Burns' 1914) specifically empowers the court to order a sale of the lands where upon the trial it shall appear that the lands "cannot be divided without damage to the owners." The authority thus given the court is not, as contended by appellants, limited by section 18 of said act (section 1256, Burns' 1914), which provides that the court may order the sale of lands sought to be partitioned when commissioners which have been appointed to make partition report that the lands are not susceptible to partition without damage to the owners thereof.

It was within the province of the trial court to determine the issue presented.

There was no error in refusing to appoint commissioners.

*Id.* at 77–78, 131 N.E. at 231.

■ Similarly, in *Becker v. MacDonald,* 491 N.E.2d 210, 211 (Ind.Ct.App.1986), *trans. denied,* the appellant argued that the trial court "could not determine the susceptibility of the property to division or partitioning in kind without the aid of commissioners appointed for that purpose." Relying upon *Crumrine,* we disagreed and held that "these statutory sections did not limit the court's authority to determine whether the real estate is susceptible of division without damage to real estate and the owners. Specifically, I.C. 32–4–5–13 [now Ind.Code § 32–17–4–12] does not limit the court's authority under I.C. 32–4–5–4 [now Ind.Code § 32–17–4–4] to make the determination." *Id.* at 212 (footnotes omitted). Based upon *Crumrine* and *Becker,* we conclude that the trial court was permitted to determine whether the Property was susceptible to being divided without appointing commissioners to make the determination.[3]

■ In determining that the Property was not susceptible to being physically partitioned, the trial court entered findings of fact and conclusions thereon and found:

Mr. John C. Snell, MAI of Snell Real Estate Evaluation Co, Inc., testified as an expert for the Plaintiffs that he inspected the [Property] in order to estimate the market value of the fee simple interest in the property. He determined its highest and best use is a comprehensive re-development for an array of commercial service, office or retail land uses. Mr. Snell concluded and this Court agrees that partition in kind would be economically unreasonable....

Appellant's Appendix at 15–16. The evidence presented at the trial revealed that the Property is comprised of two lots. A building formerly used as a bank branch sits on portions of both lots. Snell testified that if the lots were partitioned the number of buyers interested in the smaller tracts would be "traumatically thinner." Appellee's Appendix at 19. According to Snell, a physical partition of the lots would require much cooperation between the owners of the separate lots to develop the individual lots because of issues with curb cuts, a wooded buffer, zoning, potential environmental problems, and access easements. Snell testified that although the Property could be partitioned, partitioning the Property would be "far more risky and less predictable ...." *Id.* at 21. Both Richard and Michael Grube testified that they believed partitioning the Property

---

3. Carol argues that *Crumrine* and *Becker* are distinguishable. According to Carol, the court in *Crumrine* did not mention the number of parcels at issue or whether there was any practical means to divide the land, and, in *Becker,* the parties agreed that the land could not be divided. We find these arguments unpersuasive. In *Crumrine,* the court pointed out that "[t]he one controverted issue presented by pleadings was whether or not the land could be partitioned without damage to the owners." *Crumrine,* 77 Ind.App. at 76, 131 N.E. at 230. Regardless of the property's layout, this court determined that the trial court had the statutory authority to determine whether the property could be partitioned

without the appointment of commissioners. *Id.* at 77, 131 N.E. at 231. In *Becker,* in which three parcels of real estate were involved, after determining that the trial court had statutory authority to determine whether the property court be partitioned without the appointment of commissioners, the court noted that, further, even if it would have been error for the trial court to make the determination without commissioners, the error was invited because the parties agreed in pleadings that the property was not susceptible to division. *Becker,* 491 N.E.2d at 212. Thus, the parties' agreement in *Becker* was not determinative.

would harm the value of the Property. On the other hand, Carol testified that the Property could be split and that half of the property developed by a fast food chain with a double drive thru. Carol proposed "blend[ing]" the remaining portion of the Property with the neighboring development. *Id.* at 37.

Although Carol contends that, given the conflict in evidence, the trial court should have appointed commissioners, under *Crumrine* and *Becker,* the trial court was permitted to make the partition determination without the assistance of commissioners. Further, while the parties presented conflicting evidence regarding the Property's susceptibility of physical partition, on appeal, we cannot reweigh the evidence. *Menard,* 726 N.E.2d at 1210. Consequently, we cannot say that the trial court's findings adopting Snell's view of the susceptibility to physical partition are clearly erroneous. *See, e.g., Becker,* 491 N.E.2d at 211–212.

## II.

The next issue is whether the trial court's order setting the terms of sale of the property is clearly erroneous. Once a determination is made that land "for which partition is demanded cannot be divided without damage to the owners, the court may order the whole or any part of the premises to be sold as provided under section 12 of this chapter [Ind.Code § 32–17–4–12]." Ind.Code § 32–17–4–4(d). Ind.Code § 32–17–4–12 provides, in part:

(a) If the commissioners report to the court that the whole or part of the land of which partition is demanded can not be divided without damage to the owners, the court may order the whole or any part of the land to be sold at public or private sale on terms

and conditions prescribed by the court.

(b) If the court orders a sale under this section, the order shall provide for reasonable public notice of the sale.

\*   \*   \*   \*   \*   \*

(d) Land sold under this section may not be sold for less than:

(1) if sold at public sale, two-thirds (2/3) of its appraised value; and

(2) if sold at private sale, its appraised value.

The court shall determine the appraised value of the land in the same manner as in cases of sales of land on execution.

\*   \*   \*   \*   \*   \*

In cases of sales of land on execution, the appraised value of the land is determined as follows:

(a) For the purpose of appraising the cash value of property:

(1) two (2) disinterested householders of the neighborhood where the levy is made shall be selected as appraisers, one (1) of whom shall be selected by each of the parties or their agents; or

(2) in the absence of either party or the party's agent, or upon the failure or refusal of either party after three (3) days notice by the sheriff, to make the selection, the sheriff shall proceed to select the appraisers.

(b) The appraisers shall immediately proceed to appraise the property according to its cash value at the time, deducting liens and encumbrances. In case of their disagreement as to the value, the sheriff shall select a like disinterested appraiser, and, with the

disinterested appraiser's assistance, shall complete the valuation. The appraisement of any two (2) of them shall be considered the cash value.

Ind.Code § 34–55–4–3 (2004).

Carol argues that the trial court violated the statutory procedures by failing to appoint appraisers and by setting terms of sale that could result in a sale price less than the appraised value.[4] In *Bechert v. Bechert*, 435 N.E.2d 573 (Ind.Ct.App.1982), we concluded that the trial court committed reversible error where it relied upon the parties' stipulation as to the property's appraised value rather than appointing appraisers pursuant to the partition statutes. We held:

> [T]he trial court committed reversible error by failing to follow the statutory partition procedures. IC 32–4–5–13 [now Ind.Code § 32–17–4–12] requires partitioned property being sold to be appraised in the same manner property is appraised for sale on execution and sold for at least two-thirds (2/3) of its appraised value. IC 34–1–37–3 [now Ind.Code § 34–55–4–3], dealing with execution sales, provides for the selection of appraisers. By analogy, in cases of sales on execution conducted without appraisal, the sale has been held to be invalid. *Stotsenburg et al. Trustees v. Same et al.* (1881) 75 Ind. 538; *Scheffermeyer v. Schaper, Guardian,* (1884) 97 Ind. 70.
>
> The extensive statutory procedures are designed to protect the rights of all parties to a partition action. The types of problems and confusion presented in the record of the case at bar are good examples of why the statute should be followed.

*Id.* at 575. Thus, statutory procedures concerning the appraisal of the property are designed to protect the rights of all parties to a partition and should be followed.

Here, after determining that the Property could not be physically partitioned without damage to the owners, the trial court ordered that the Property be sold. Despite Carol's assertion to the contrary, the trial court did appoint appraisers in its order. *See* Trial Court's Order, Finding No. 5. However, in addition to appointing appraisers, the trial court set the terms of

---

4. Carol also argues that the trial court violated the statutory procedures by setting the terms of the sale without knowing the Property's appraised value and by relying upon Snell's valuation of the Property. Due to our resolution of Carol's other arguments, we need not address these issues.

Additionally, Richard and the Grubes argue that Carol waived her argument that the trial court improperly set terms of sale that could result in a sale price less than the appraised value. According to Richard and the Grubes, Carol failed to present this issue in her statement of issues. Ind. Appellate Rule 46(A)(4) provides that the statement of issues "shall concisely and particularly describe each issue presented for review." Richard and the Grubes argue that Carol's statement of the issue, i.e., "whether the trial court erred in its application of the Indiana partition statutes, Indiana Code section 32–17–4–1 et seq., by inter alia ordering a partition by sale of the subject real estate on definitive terms and conditions without first appointing, and receiving the reports of, [sic] the statutory commissioners who must appraise the property and conduct the sale," does not particularly describe all of the arguments included within the issue. Appellant's Brief at 1. "We will consider assertions of error to be waived where an appellant's noncompliance with our rules is so substantial that it impedes our consideration of them." *Barth v. Barth*, 693 N.E.2d 954, 957 (Ind.Ct.App.1998), *trans. denied.* Carol's noncompliance with the rules is not so substantial as to impede our consideration of her arguments. Thus, we will address her argument.

the sale as: "The [Property] shall be listed at the price of $500,000.00 or its appraised value, whichever is greater, with the property to be sold 'as is.' Specific terms of the sale are located in Exhibit C to the Stipulation which is filed under seal." Appellant's Appendix at 17.

First, we note that the list price of $500,000.00 or the appraised value, whichever is greater, set forth in the trial court's order conflicts with the specific terms of the sale located in the sealed Stipulation.[5] Additionally, the specific terms of the sale potentially would allow the Property to be sold for less than the appraised value in violation of Ind.Code § 32–17–4–12(d)(2), which requires that the land may not be sold at a private sale for less than its appraised value.[6] Richard and the Grubes correctly contend that if the Property was ultimately sold for less

than the appraised value, the trial court could refuse to approve the commissioner's report required under Ind.Code § 32–17–4–12(h). However, a more logical and efficient method of selling the Property, and more consistent with the intent of the partition statutes, would be to obtain the appraised value, determine whether the Property should be sold by public sale or private sale, and then set the terms and conditions of the sale.[7] Because the trial court's order conflicts with Exhibit C and because the specific terms of the sale potentially would allow the Property to be sold for less than the appraised value, we conclude that the trial court's order is clearly erroneous. *See, e.g., Bechert,* 435 N.E.2d at 575.

For the foregoing reasons, we affirm in part and reverse in part the trial court's partition order and remand for proceedings consistent with this opinion.

---

**5.** The specific terms of sale are discussed in Exhibit C, which the trial court sealed. Thus, we do not include details of the specific terms in our analysis.

**6.** The Grubes and Richard imply that the trial court ordered a public sale for which the Property may be sold for two-thirds of the appraised value. Ind.Code § 32–17–4–12(d)(1). Although the statute does not define public sale, in general, the term "public sale" refers to a sale such as an auction or sheriff's sale. *See Bolen v. Mid–Continent Refrigerator Co.,* 411 N.E.2d 1255, 1259 (Ind.Ct.App.1980) ("Generally a public sale requires notice or an invitation to the public to bid permits the public to engage in competitive bidding, and is conducted at a public place or a place to which the public has access."); BLACK'S LAW DICTIONARY (6th Ed.1990) 1338 (defining "public sale" as "[a] sale made in pursuance of a notice, by auction or sheriff"). The trial court here ordered the Property to be listed with a licensed real estate broker not sold at an auction. Consequently, the trial court ordered a private sale, and, pursuant to Ind.Code § 32–17–4–12(d)(2), the Property cannot be sold for less than the appraised value.

**7.** Richard and the Grubes argue that the possibility that the Property could be sold for less than the appraised value is a hypothetical issue not ripe for our review. "Ripeness relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record." *Ind. Dep't of Envtl. Mgmt. v. Chem. Waste Mgmt., Inc.,* 643 N.E.2d 331, 336 (Ind. 1994). In ruling on a ripeness challenge, we must consider " 'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.' " *Rene ex rel. Rene v. Reed,* 726 N.E.2d 808, 822 (Ind.Ct.App.2000) (quoting *Pacific Gas & Elec. Co. v. State Energy Res. Conserv. & Dev. Comm'n,* 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983)). Carol points out that this is her opportunity to contest the language of the trial court's partition order and the trial court's terms of the sale. Further, withholding review of the terms of the sale would result additional delays and hardship to the parties if the property was sold for less than the appraised value. Consequently, we will address the issue.

Affirmed in part, reversed in part, and remanded.

VAIDIK, J. and MAY, J. concur.